ACCEPTED
15-25-00140-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/25/2025 9:48 PM
CHRISTOPHER A. PRINE
CLERK

NO. _____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/25/2025 9:48:36 PM
CHRISTOPHER A. PRINE
Clerk

### IN THE COURT OF APPEALS
### FOR THE FIFTEENTH DISTRICT
### AUSTIN, TEXAS

## IN RE POWERED BY PEOPLE AND ROBERT FRANCIS O'ROURKE
### *Relators*

### ORIGINAL PROCEEDING FROM THE 348TH JUDICIAL DISTRICT
### OF TARRANT COUNTY, TEXAS
### TRIAL COURT NO. 348-367652-2025

## APPENDIX

**Mimi Marziani**
Texas Bar No. 24091906
**Joaquin Gonzalez**
Texas Bar No. 24109935
**Rebecca (Beth) Stevens**
Texas Bar No. 24065381
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Phone: 210-343-5604
mmarziani@msgpllc.com
jgonzalez@msgpllc.com
bstevens@msgpllc.com

**Sean J. McCaffity**
State Bar No. 24013122
**SOMMERMAN McCAFFITY, QUESADA & GEISLER L.L.P.**
3811 Turtle Creek Blvd, Ste 1400
Dallas, Texas 75219-4461
Phone: 214-720-0720
smccaffity@textrial.com

*COUNSEL FOR RELATORS*

1

**INDEX**

A. Temporary Restraining Order dated August 8, 2025

B. Modified TRO dated August 15, 2025

C. Order Denying Motion to Transfer Venue dated August 15, 2025

D. Order Granting Expedited Discovery dated August 15, 2025

E. Order Denying Defendants' Motion to Dissolve dated August 19, 2025;

F. Order Denying Defendants' Expedited Discovery dated August 25, 2025;

G. Order Denying Defendants' Plea to the Jurisdiction dated August 25, 2025;

H. Anti-Suit Injunction TRO dated August 25, 2025

I. Texas Business & Commerce Code §§ 17.001, *et seq.* (specifically, sub-chapters A, B, D, and E only).

J. Texas Civil Practice & Remedies Code § 65.023

## DECLARATION OF SEAN McCAFFITY

1.  My name is Sean McCaffity. My date of birth is August 2, 1974. My business address is 3811 Turtle Creek Blvd., Suite 1400, Dallas, Texas 75219. I am of sound mind and am capable of making this declaration. The following facts are within my personal knowledge and are true and correct. My personal knowledge is based on my role as counsel for Relators in this case at all relevant times.

2.  I have reviewed the mandamus record and the Appendix submitted in support of Relators' Original Petition for Writ of Mandamus on August 25, 2025. As detailed below, the documents included in the Appendix are true and correct copies of the Court's signed orders received in this case and entered by the 348th Judicial District Court, Tarrant County, Texas. In addition, the Appendix contains a true and correct copy of relevant portions of the Texas Deceptive Trade Practices Act and Section 65.023 of the Texas Civil Practice and Remedies Code.

3.  The Appendix includes the following:

    a.  Temporary Restraining Order dated August 8, 2025

    b.  Modified TRO dated August 15, 2025

    c.  Order Denying Motion to Transfer Venue dated August 15, 2025

    d.  Order Granting Expedited Discovery dated August 15, 2025

1

e. Order Denying Defendants' Motion to Dissolve dated August 19, 2025;

f. Order Denying Defendants' Expedited Discovery dated August 25, 2025;

g. Order Denying Defendants' Plea to the Jurisdiction dated August 25, 2025;

h. Anti-Suit Injunction TRO dated August 25, 2025

i. Texas Business & Commerce Code §§ 17.001, *et seq.* (specifically, sub-chapters A, B, D, and E only).

j. Texas Civil Practice & Remedies Code § 65.023

4. The foregoing records constitute true and correct copies of the orders and relevant statutory law that comprise the subject of the contemporaneously filed Petition for Writ of Mandamus and are contained in the Appendix pursuant to Texas Rule of Appellate Procedure 52.3(k).

5. I declare under the penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on August 25, 2025.

*/s/ Sean J. McCaffity*
Sean J. McCaffity

# APPENDIX ATTACHMENT A

| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ROBERT FRANCIS O'ROURKE and | § | |
| POWERED BY PEOPLE, | § | |
| | § | 348th JUDICIAL DISTRICT |
| *Defendants.* | § | |

## TEMPORARY RESTRAINING ORDER AND ORDER
## SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiff the State of Texas's application for Temporary Restraining Order, pleadings, affidavits, and arguments of counsel and after holding a Temporary Restraining Order hearing during which Plaintiff's attorneys appeared in person and via Zoom and Defendants' attorneys appeared via Zoom, the Court finds that harm is imminent to the State, and if the Court does not issue the Temporary Restraining Order, the State will be irreparably injured. Specifically, Defendants' fundraising conduct constitutes false, misleading, or deceptive acts under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.46(a), (b)(2), (b)(5), (b)(7), and (b)(24) because Defendants are raising and utilizing political contributions from Texas consumers to pay for the personal expenses of Texas legislators, in violation of Texas law. Because this conduct is unlawful and harms Texas consumers, restraining this conduct is in the public interest. DTPA § 17.47(a); *see also* Tex. Const. art. III, § 5.

Furthermore, Defendants have and will continue to engage in unlawful fundraising practices and utilization of political funds in a manner that either directly violates or causes Texas Democratic Legislators to violate: (1) Texas Penal Code, § 36.01(3); (2) Texas Elections Code, § 253.035; (3) Rule 5, § 3 of the House Rules of Procedure; and (4) Tex. Pen. Code §§ 36.08, 36.10. Consumers have and continue to suffer irreparable harm through these unlawful acts

because they are making political contributions that are being used to fund personal expenses and violate State law.

Therefore, by this Order, the Court issues this Temporary Restraining Order, immediately restraining Defendants from the following:

i. Using political funds for the improper, unlawful, and non-political purposes of (1) funding out-of-state travel, hotel, or dining accommodations or services to unexcused Texas legislators during any special legislative session called by the Texas Governor, or (2) funding payments of fines provided by Texas House rules for unexcused legislative absences;

ii. Raising funds for non-political purposes, including to (1) fund out-of-state travel, hotel, or dining accommodations or services to unexcused Texas legislators during any special legislative session called by the Texas Governor, or (2) fund payments of fines provided by Texas House rules for unexcused legislative absences, through the ActBlue platform or any other platform that purports to exist for political fundraising purposes;

iii. Offering, conferring, or agreeing to confer, travel, hotel, or dining accommodations or services (or funds to support such accommodations or services) to unexcused Texas legislators during any special legislative session called by the Texas Governor as consideration for a violation of such legislators' Constitutional duties; and

iv. Removing any property or funds from the State of Texas during the pendency of this lawsuit.

The foregoing Order shall remain in effect from the date and time of the entry of this Order until fourteen days after entry or until further agreed by the parties or as otherwise ordered by this Court, whichever occurs first.

This Court further Orders the Clerk to issue notice to Defendants Robert Francis O'Rourke and Powered by People that the hearing on the State's Application for Temporary Injunction is set for **August 19, 2025, at 10:00 a.m.** The purpose of the hearing will be to determine whether a temporary injunction should be issued upon the same grounds and particulars as specified herein or as requested in Plaintiff's then-current petition. This hearing will take place in person in the courtroom of the 348th District Court, Tom Vandergriff Civil Courts Building, 100 North Calhoun Street, Fort Worth, Texas 76196.

The Clerk shall, forthwith, issue a temporary restraining order in conformity with the law and the terms of this Order.

Pursuant to Texas Civil Practice & Remedies Code § 6.001(a), the State is exempt from bond requirements. *See also* DTPA § 17.47(b).

SIGNED on August 8, 2025, at 5:32 p.m.

_____
JUDGE PRESIDING

# APPENDIX ATTACHMENT B

CAUSE NO. 348-367652-25

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ROBERT FRANCIS O'ROURKE and | § | |
| POWERED BY PEOPLE | § | |
| | § | 348th JUDICIAL DISTRICT |
| *Defendants.* | § | |

## MODIFIED TEMPORARY RESTRAINING ORDER
## AND ORDER RE-SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiff State of Texas's Emergency Motion to Modify the Court's August 8, 2025, Temporary Restraining Order, Defendants' Opposition to State's Motion to Modify the Temporary Restraining Order, pleadings, affidavits, relevant legal authority, and arguments of counsel, and after holding a hearing on the State's Motion to Modify, wherein attorneys for all parties appeared in person before the Court, the Court grants the State's motion and issues this Modified Temporary Restraining Order.

The Court finds that harm is imminent to the State, and if the Court does not issue this order, the State will be irreparably injured. Specifically, Defendants' fundraising conduct constitutes false, misleading, or deceptive acts under the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.46(a), (b)(2), (b)(5), (b)(7), and (b)(24), because Defendants are raising and utilizing political contributions from Texas consumers to pay for the personal expenses of Texas legislators, in violation of Texas law. Because this conduct is unlawful and harms Texas consumers, restraining this conduct is in the public interest. TEX. BUS. & COM. CODE § 17.47(a); *see also* TEX. CONST. art. III, § 5.

Furthermore, Defendants have and will continue to engage in unlawful fundraising practices and utilization of political funds in a manner that either directly violates or causes Texas

**Modified Temporary Restraining Order – Page 1**

legislators to violate: (1) TEX. PENAL CODE § 36.01(3); (2) TEX. ELEC. CODE § 253.035; (3) Rule 5, § 3 of the House Rules of Procedure; and (4) TEX. PENAL CODE §§ 36.08, 36.10. Consumers have and continue to suffer irreparable harm through these unlawful acts because they are making political contributions that are being used to fund personal expenses and violate State law.

Therefore, by this order, the Court issues this Modified Temporary Restraining Order, immediately restraining Defendants, their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with Defendants, who receive actual notice of this Modified Temporary Restraining Order by personal service or otherwise, from the following:

i. Using political funds for the improper, unlawful, and non-political purposes of (1) funding out-of-state travel, hotel, or dining accommodations or services to unexcused Texas legislators during any special legislative session called by the Texas Governor, or (2) funding payments of fines provided by Texas House rules for unexcused legislative absences;

ii. Raising funds for non-political purposes, including to (1) fund out-of-state travel, hotel, or dining accommodations or services to unexcused Texas legislators during any special legislative session called by the Texas Governor, or (2) fund payments of fines provided by Texas House rules for unexcused legislative absences, through the ActBlue platform or any other platform that purports to exist for political fundraising purposes; and

iii. Offering, conferring, or agreeing to confer, travel, hotel, or dining accommodations or services (or funds to support such accommodations or services) to unexcused Texas legislators during any special legislative session called by the Texas Governor as consideration for a violation of such legislators' Constitutional duties.

Additionally, by this Modified Temporary Restraining Order, Defendant Powered by People, and any filing entity or foreign filing entity in active concert or participation with Defendant Powered by People and/or Defendant O'Rourke (including banks, financial institutions, and ActBlue), are immediately restrained from removing any property or funds that belong to, or are being held for, Defendant Powered by People and/or Defendant O'Rourke, from the State of Texas during the pendency of this lawsuit.

Defendants are ordered to immediately serve a copy of this Modified Temporary Restraining Order on the registered agent of ActBlue and any bank or financial institution with whom such Defendant(s) does business.

This Modified Temporary Restraining Order shall remain in effect until September 5, 2025, or as agreed by the parties or as otherwise ordered by this Court, whichever occurs first.

This Court further orders the Clerk to issue notice to Defendants Robert Francis O'Rourke and Powered by People that the hearing on the State's Application for Temporary Injunction is set for **September 2, 2025, at 10:00 a.m.** The purpose of the hearing will be to determine whether a temporary injunction should be issued upon the same grounds and particulars as specified herein or as requested in Plaintiff's then-current petition. This hearing will take place in person in the courtroom of the 348th District Court, Tom Vandergriff Civil Courts Building, 100 North Calhoun Street, Fort Worth, Texas 76196.

The Clerk shall, forthwith, issue a temporary restraining order in conformity with the law and the terms of this Order.

Pursuant to TEX. CIV. PRAC. & REM. CODE § 6.001(a), the State is exempt from bond requirements. *See also* TEX. BUS. & COM. CODE § 17.47(b).

Signed: August 15, 2025, at 3:11 p.m.

_Megan Fahey_
DISTRICT COURT JUDGE

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104449419
Filing Code Description: No Fee Documents
Filing Description: MOD TRO
Status as of 8/15/2025 3:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/15/2025 3:24:16 PM | SENT |
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/15/2025 3:24:16 PM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/15/2025 3:24:16 PM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/15/2025 3:24:16 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/15/2025 3:24:16 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/15/2025 3:24:16 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/15/2025 3:24:16 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |
| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/15/2025 3:24:16 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/15/2025 3:24:16 PM | SENT |

# APPENDIX ATTACHMENT C

FILED
TARRANT COUNTY
8/15/2025 1:38 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 348-367652-25**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ROBERT FRANCIS O'ROURKE and** | § | |
| **POWERED BY PEOPLE** | § | |
| | § | **348th JUDICIAL DISTRICT** |
| *Defendants.* | § | |

**ORDER DENYING DEFENDANTS'
EMERGENCY MOTION TO TRANSFER VENUE**

On August 14, 2025, the Court heard Defendants' Emergency Motion to Transfer Venue. After considering Defendants' Motion, the State's Response, the State's First Amended Petition, Defendants' Supplemental Motion to Transfer Venue, relevant legal authority, admissible evidence, and arguments of counsel, the Court finds venue is proper in Tarrant County, Texas, pursuant to Texas Business & Commerce Code § 17.47(b) and Texas Civil Practice & Remedies Code § 15.002(a)(1).

IT IS THEREFORE ORDERED that Defendants' Emergency Motion to Transfer Venue is DENIED.

Signed: August 15, 2025, at 12:55 p.m.

_____
JUDGE PRESIDING

**Order Denying Defendants' Emergency Motion to Transfer Venue – Solo Page**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104439558
Filing Code Description: No Fee Documents
Filing Description: ORD DENY
Status as of 8/15/2025 1:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/15/2025 1:38:28 PM | SENT |
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/15/2025 1:38:28 PM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/15/2025 1:38:28 PM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/15/2025 1:38:28 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/15/2025 1:38:28 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/15/2025 1:38:28 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/15/2025 1:38:28 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |
| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/15/2025 1:38:28 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/15/2025 1:38:28 PM | SENT |

# APPENDIX ATTACHMENT D

FILED
TARRANT COUNTY
8/18/2025 9:42 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-367652-25

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ROBERT FRANCIS O'ROURKE and | § | |
| POWERED BY PEOPLE | § | |
| | § | |
| *Defendants.* | § | 348th JUDICIAL DISTRICT |

## ORDER ON EXPEDITED DISCOVERY

On August 14, 2025, the Court considered the State's Emergency Request for an Expedited Discovery Scheduling Order. After due consideration and in light of the time-sensitive circumstances of this case, including the upcoming temporary injunction hearing set for September 2, 2025, the Court rules that expedited discovery is merited in this cause and rules as follows:

1. Defendant Powered by People (PxP) shall confer with the State and produce a corporate representative for a deposition lasting no more than two hours to occur no later than close of business on Friday, August 29, 2025, that is limited to the following topics covering the period **from June 1, 2025, through the present**:

    a. Advertising, marketing, and representations directed toward Texans about the purpose and intended use of funds received;

    b. Benefits and compensation provided, or offered to, Texas legislators, their staff, or their families;

    c. Expenditure of funds on Texas legislators, their staff, or their families;

    d. The total amount of funds raised; and

    e. Compliance with the Court's Temporary Restraining Order and Modified Temporary Restraining Order.

2. Defendant Robert Francis O'Rourke (O'Rourke) shall confer with the State and appear for a deposition lasting no more than two hours to occur no later than close of business on Friday, August 29, 2025.

3. PxP and O'Rourke shall produce the following records covering the period **from June 1, 2025, through the present** to the State no later than close of business on August 29, 2025, along with any corresponding privilege logs relating to same:

**Order on Expedited Discovery – Page 1**

a. Documents and communications relating to planned or actual travel arrangements, accommodations, or meals outside of Texas for any Texas legislator, their staff, or their families;

b. Documents and communications relating to, or discussing, depriving the Texas Legislature quorum during Texas's current special legislative session;

c. Documents and communications relating to the provision of any benefit or compensation to a Texas legislator, their staff, or families, and offers to provide any benefit or compensation to same;

d. Documents and communications discussing, or relating to, the solicitation of funds to pay for planned or actual travel arrangements, accommodations, or meals for any Texas legislator, their staff, or their families;

e. Documents and communications relating to expenditures made for travel arrangements, accommodations, or meals outside of Texas for any Texas legislator, their staff, or their families;

f. Documents and communications directed toward Texans advertising, marketing, or otherwise making representations about the purpose and intended use of funds received; and

g. Documents sufficient to show the total amount raised since June 1, 2025.

IT IS SO ORDERED.


Signed: August 15, 2025.


_____
JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104481942
Filing Code Description: No Fee Documents
Filing Description: ORD EXPEDITED DISC
Status as of 8/18/2025 10:04 AM CST

Associated Case Party: THESTATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Froman | | scott.froman@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |

Associated Case Party: THEPOWERED BY PEOPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/18/2025 9:42:48 AM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/18/2025 9:42:48 AM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/18/2025 9:42:48 AM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/18/2025 9:42:48 AM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/18/2025 9:42:48 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/18/2025 9:42:48 AM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/18/2025 9:42:48 AM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104481942
Filing Code Description: No Fee Documents
Filing Description: ORD EXPEDITED DISC
Status as of 8/18/2025 10:04 AM CST

Case Contacts

| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
|---|---|---|---|---|
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/18/2025 9:42:48 AM | SENT |
| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/18/2025 9:42:48 AM | SENT |

# APPENDIX ATTACHMENT E

CAUSE NO: 348-367652-25

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ROBERT FRANCIS O'ROURKE and** | § | |
| **POWERED BY PEOPLE** | § | |
| | § | |
| *Defendants.* | § | **348th JUDICIAL DISTRICT** |

## ORDER DENYING DEFENDANTS' MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER

After considering Defendants' Motion to Dissolve the Temporary Restraining Order, the State of Texas's Response to Defendants' Motion to Dissolve the Temporary Restraining Order, pleadings, papers, affidavits, and arguments of counsel, the Court DENIES Defendants' Motion.

IT IS SO ORDERED.

Signed: August 19, 2025.

_____
DISTRICT COURT JUDGE

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104556354
Filing Code Description: No Fee Documents
Filing Description: ORD DENY DEFNS DISSOLVE TRO
Status as of 8/19/2025 12:26 PM CST

Associated Case Party: THESTATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Froman | | scott.froman@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |

Associated Case Party: THEPOWERED BY PEOPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/19/2025 12:17:12 PM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/19/2025 12:17:12 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/19/2025 12:17:12 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/19/2025 12:17:12 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/19/2025 12:17:12 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/19/2025 12:17:12 PM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/19/2025 12:17:12 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104556354
Filing Code Description: No Fee Documents
Filing Description: ORD DENY DEFNS DISSOLVE TRO
Status as of 8/19/2025 12:26 PM CST

Case Contacts

| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| --- | --- | --- | --- | --- |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/19/2025 12:17:12 PM | SENT |
| Kathy Gatzemeyer | | kgatzemeyer@textrial.com | 8/19/2025 12:17:12 PM | SENT |

# APPENDIX ATTACHMENT F

FILED
TARRANT COUNTY
8/25/2025 2:28 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO: 348-367652-25**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **ROBERT FRANCIS O'ROURKE and** | § | |
| **POWERED BY PEOPLE** | § | |
| | § | |
| *Defendants.* | § | **348th JUDICIAL DISTRICT** |

**ORDER DENYING DEFENDANTS'**
**EMERGENCY MOTION FOR RECIPROCAL EXPEDITED DISCOVERY**

On August 25, 2025, the Court considered Defendants' Emergency Motion for Reciprocal Expedited Discovery, any responses or replies thereto, and argument of counsel. This Court finds that Defendants' Emergency Motion for Reciprocal Expedited Discovery should be denied.

IT IS THEREFORE ORDERED that Defendants' Emergency Motion for Reciprocal Expedited Discovery is DENIED.

SIGNED August 25, 2025.

_____
JUDGE PRESIDING

**Order Denying Defendants' Emergency Motion for Reciprocal Expedited Discovery – Solo Page**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104806203
Filing Code Description: No Fee Documents
Filing Description: ORD DEFNY DEFNS EMERGENCY PLEA JURISDICTION
Status as of 8/25/2025 2:33 PM CST

Associated Case Party: THESTATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |

Associated Case Party: THEPOWERED BY PEOPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/25/2025 2:28:32 PM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/25/2025 2:28:32 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/25/2025 2:28:32 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/25/2025 2:28:32 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/25/2025 2:28:32 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/25/2025 2:28:32 PM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/25/2025 2:28:32 PM | SENT |
| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/25/2025 2:28:32 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104806203
Filing Code Description: No Fee Documents
Filing Description: ORD DEFNY DEFNS EMERGENCY PLEA JURISDICTION
Status as of 8/25/2025 2:33 PM CST

Case Contacts

| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/25/2025 2:28:32 PM | SENT |
|---|---|---|---|---|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |

# APPENDIX ATTACHMENT G

348-367652-25

FILED
TARRANT COUNTY
8/25/2025 2:28 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO: 348-367652-25

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | TARRANT COUNTY, TEXAS |
| ROBERT FRANCIS O'ROURKE and | § | |
| POWERED BY PEOPLE | § | |
| | § | |
| *Defendants.* | § | 348th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS'
## EMERGENCY PLEA TO THE JURISDICTION

On August 25, 2025, the Court considered Defendants' Emergency Plea to the Jurisdiction, any responses or replies thereto, and argument of counsel. This Court finds that Defendants' Emergency Plea to the Jurisdiction should be denied.

IT IS THEREFORE ORDERED that Defendants' Emergency Plea to the Jurisdiction is DENIED.

SIGNED August 25, 2025.

_____
JUDGE PRESIDING

**Order Denying Defendants' Emergency Plea to the Jurisdiction – Solo Page**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104806203
Filing Code Description: No Fee Documents
Filing Description: ORD DEFNY DEFNS EMERGENCY PLEA JURISDICTION
Status as of 8/25/2025 2:33 PM CST

Associated Case Party: THESTATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Froman | | scott.froman@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |

Associated Case Party: THEPOWERED BY PEOPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/25/2025 2:28:32 PM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/25/2025 2:28:32 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/25/2025 2:28:32 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/25/2025 2:28:32 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/25/2025 2:28:32 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/25/2025 2:28:32 PM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/25/2025 2:28:32 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104806203
Filing Code Description: No Fee Documents
Filing Description: ORD DEFNY DEFNS EMERGENCY PLEA JURISDICTION
Status as of 8/25/2025 2:33 PM CST

Case Contacts

| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
|---|---|---|---|---|
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/25/2025 2:28:32 PM | SENT |
| Kathy  Gatzemeyer | | kgatzemeyer@textrial.com | 8/25/2025 2:28:32 PM | SENT |

# APPENDIX ATTACHMENT H

FILED
TARRANT COUNTY
8/25/2025 11:56 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 348-367652-25**

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| v. | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ROBERT FRANCIS O'ROURKE** and | § | |
| **POWERED BY PEOPLE**, | § | |
| | § | |
| *Defendants.* | § | **348TH JUDICIAL DISTRICT** |

## EMERGENCY TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiff the State of Texas's Application for an Emergency Temporary Restraining Order, the pleadings, the affidavits, and arguments of counsel, the Court finds that harm is imminent to the State, and if the Court does not issue the Temporary Restraining Order, the State will be irreparably injured and the Court improperly deprived of its jurisdiction.

Specifically, this Court has previously held that the State has a probable right to relief because Defendants' conduct advertising and accepting political contributions from Texas consumers to pay for the personal expenses of Texas legislators constitutes false, misleading, or deceptive acts under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.46(a), (b)(2), (b)(5), (b)(7), and (b)(24), and directly violates or causes Texas legislators to violate Tex. Pen. Code § 36.01(3), 36.08, 36.10, Tex. Elec. Code § 253.035; and Rule 5, § 3 of the House Rules of Procedure. Because this conduct harms Texas consumers, restraining this conduct is in the public interest. Tex. Bus. & Com. Code § 17.47(a); *see also* Tex. Const. art. III, § 5; Emergency Petition for Writ of Quo Warranto, p. 4, *In Re Greg Abbott*, No. 25-0674 (Tex.).

After this Court entered a temporary restraining order restraining Defendants' alleged misconduct and scheduled a temporary injunction hearing, Defendants sought a temporary

1

restraining order against Attorney General Ken Paxton restraining him from prosecuting the *quo warranto* claim before this Court wherein the State contends that Defendants directly violated or caused Texas legislators to violate Tex. Pen. Code § 36.01(3), 36.08, 36.10, Tex. Elec. Code § 253.035; and Rule 5, § 3 of the House Rules of Procedure. The El Paso District Court temporarily abated Defendants' proceedings before that Court to allow this Court to determine jurisdiction and venue in this suit. Then, after this Court found jurisdiction and venue were both proper, Defendants obtained a temporary restraining order from the El Paso Court restraining the State from prosecuting the *quo warranto* claims before this Court after that Court found that venue is improper in Tarrant County. Defendants scheduled a temporary injunction hearing for August 29, 2025, before this Court's scheduled temporary injunction hearing scheduled for September 2, 2025. The El Paso Court's temporary restraining order, moreover, remains in effect through September 4, 2025, after this Court's temporary injunction hearing.

The Court finds that venue for the State's *quo warranto* claims in this suit is in Tarrant County—not El Paso County—because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

The Court finds that an anti-suit injunction is necessary because Defendants have performed or are about to perform or are procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the State, and the act would tend to render the judgment in that litigation ineffectual." Tex. Civ. Prac. & Rem. Code § 65.011(2).

*First*, this Court has dominant jurisdiction that should be protected. This Court has dominant jurisdiction over El Paso because these proceedings were first-filed over the second-filed El Paso proceedings. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). The same factual

2

allegations make up both the State's DTPA and *quo warranto* claims. *See* State's Am. Pet. This Court has previously ruled, when denying Defendants' Motion to Transfer Venue, that jurisdiction and venue are proper in Tarrant County because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). The El Paso court has refused to yield to this Court's dominant jurisdiction by granting the State's Plea in Abatement, and Defendants' actions in El Paso County seek to deprive this Court of its jurisdiction by restraining and enjoining the State from prosecuting the *quo warranto* claims before this Court. Thus, anti-suit injunctive relief is warranted.

*Second*, this lawsuit centers on the evasion of important public policy to the State (*i.e.* private actors allegedly compensating or bribing lawmakers to flee the State or otherwise engage in unlawful activity to prevent the passage of legislation). It also involves an attempt by Defendants to evade this Court deciding these important public policy matters by restraining and enjoining the State from prosecuting the *quo warranto* claims before this Court. Thus, anti-suit injunctive relief is warranted.

*Third*, there are a multiplicity of related suits with overlapping claims and parties that cannot continue as parallel litigation because the El Paso Court has interjected itself into this Court's proceedings by restraining the State from prosecuting the *quo warranto* claims before this Court. Thus, anti-suit injunctive relief is warranted.

*Fourth*, Defendant is using the second-filed El Paso lawsuit to harass the State by restraining its behavior before this Court, to conduct discovery on the State's litigation strategy in this ongoing proceeding, and to obtain a harassing apex deposition of the Attorney General. The State has appealed the implicit denial of its Plea to the Jurisdiction and thereby invoked an

3

automatic stay on the El Paso proceedings. Yet, Defendants have represented that they do not recognize the El Paso proceedings as stayed and intend to continue to pursue discovery and a temporary injunction in violation of the automatic stay. Thus, anti-suit injunctive relief is warranted.

The Court finds that it is clear that equity demands anti-suit injunctive relief, therefore, the Court issues this Temporary Restraining Order, immediately restraining Defendants, their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from the following:

> Initiating, filing, or prosecuting any suit, claim, or proceeding that seeks to restrain or enjoin the State from initiating, filing, or prosecuting the *quo warranto* claims alleged by the State in this proceeding.

Nothing in this Order is intended to bind another Texas Court; rather, it binds Defendants and those in active concert or participation with them.

The foregoing Order shall remain in effect from the date and time of the entry of this Order until fourteen days after entry or until further agreed by the parties or as otherwise ordered by this Court.

This Court further orders the Clerk to issue notice to Defendants Robert Francis O'Rourke and Powered by People that the hearing on the State's Application for Temporary Injunction is set for **September 2, 2025, at 9:00 a.m.** The purpose of the hearing will be to determine whether a temporary injunction should be issued upon the same grounds and particulars as specified herein. This hearing will take place in person in the 348th District Court, Tom Vandergriff Civil Courts Building, 100 North Calhoun Street, Fort Worth, TX 76196.

4

The Clerk shall, forthwith, issue a temporary restraining order in conformity with the law and the terms of this Order.

Pursuant to Texas Civil Practice & Remedies Code § 6.001(a), the State is exempt from bond requirements.

SIGNED August 25, 2025, at 11:26 a.m.

_____
DISTRICT COURT JUDGE

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104793753
Filing Code Description: No Fee Documents
Filing Description: TRO
Status as of 8/25/2025 11:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/25/2025 11:56:01 AM | SENT |
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 8/25/2025 11:56:01 AM | SENT |
| George Quesada | 16427750 | quesada@textrial.com | 8/25/2025 11:56:01 AM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 8/25/2025 11:56:01 AM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/25/2025 11:56:01 AM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/25/2025 11:56:01 AM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Scott Froman | | scott.froman@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/25/2025 11:56:01 AM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |
| Kathy Gatzemeyer | | kgatzemeyer@textrial.com | 8/25/2025 11:56:01 AM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 8/25/2025 11:56:01 AM | SENT |

# APPENDIX ATTACHMENT I

Vernon's Texas Statutes and Codes Annotated
　　Business and Commerce Code
　　　Title 2. Competition and Trade Practices
　　　　Chapter 17. Deceptive Trade Practices
　　　　　Subchapter A. General Provisions

V.T.C.A., Bus. & C. T. 2, Ch. 17, Subch. A, Refs & Annos

Currentness

V. T. C. A., Bus. & C. T. 2, Ch. 17, Subch. A, Refs & Annos, TX BUS & COM T. 2, Ch. 17, Subch. A, Refs & Annos
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Bus. & C. § 17.01

§ 17.01. Definitions

Currentness

In this chapter, unless the context requires a different definition,

(1) "container" includes bale, barrel, bottle, box, cask, keg, and package; and

(2) "proprietary mark" includes word, name, symbol, device, and any combination of them in any form or arrangement, used by a person to identify his tangible personal property and distinguish it from the tangible personal property of another.

**Credits**

Acts 1967, 60th Leg., p. 2343, ch. 785, § 1.

V. T. C. A., Bus. & C. § 17.01, TX BUS & COM § 17.01
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Business and Commerce Code
Title 2. Competition and Trade Practices
Chapter 17. Deceptive Trade Practices
Subchapter B. Deceptive Advertising, Packing, Selling, and Exporting

V.T.C.A., Bus. & C. T. 2, Ch. 17, Subch. B, Refs & Annos

Currentness

V. T. C. A., Bus. & C. T. 2, Ch. 17, Subch. B, Refs & Annos, TX BUS & COM T. 2, Ch. 17, Subch. B, Refs & Annos
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter B. Deceptive Advertising, Packing, Selling, and Exporting (Refs & Annos)

V.T.C.A., Bus. & C. § 17.08

§ 17.08. Private Use of State Seal

Currentness

(a) In this section:

(1) "Commercial purpose" means a purpose that is intended to result in a profit or other tangible benefit but does not include:

(A) official use of the state seal or a representation of the state seal in a state function;

(B) use of the state seal or a representation of the state seal for a political purpose by an elected official of this state;

(C) use of the state seal or a representation of the state seal in an encyclopedia, dictionary, book, journal, pamphlet, periodical, magazine, or newspaper incident to a description or history of seals, coats of arms, heraldry, or this state;

(D) use of the state seal or a representation of the state seal in a library, museum, or educational facility incident to descriptions or exhibits relating to seals, coats of arms, heraldry, or this state;

(E) use of the state seal or a representation of the state seal in a theatrical, motion-picture, television, or similar production for a historical, educational, or newsworthy purpose; or

(F) use of the state seal or a representation of the state seal for another historical, educational, or newsworthy purpose if authorized in writing by the secretary of state.

(2) "Representation of the state seal" includes a nonexact representation that the secretary of state determines is deceptively similar to the state seal.

(3) "Official use" means the use of the state seal by an officer or employee of this state in performing a state function.

(4) "State function" means a state governmental activity authorized or required by law.

(5) "State seal" means the state seal, the reverse of the state seal, and the state arms as defined by Sections 3101.001 and 3101.002, Government Code.

(b) Except as otherwise provided by this section, a person may not use a representation of the state seal:

(1) to advertise or publicize tangible personal property or a commercial undertaking; or

(2) for another commercial purpose.

(c) A person may use a representation of the state seal for a commercial purpose if the person obtains a license from the secretary of state for that use. The secretary of state, under the authority vested in the secretary as custodian of the seal under Article IV, Section 19, of the Texas Constitution, shall issue a license to a person who applies for a license on a form provided by the secretary of state and who pays the fees required under this section if the secretary of state determines that the use is in the best interests of the state and not detrimental to the image of the state. A license issued under this section expires one year after the date of issuance and may be renewed.

(d) The secretary of state shall adopt rules relating to the use of the state seal by a person licensed under this section. The secretary of state shall adopt the rules in the manner provided by Chapter 2001, Government Code.

(e) The application fee for a license under this section is $35. The license fee for an original or renewal license is $250. In addition to those fees, each licensee shall pay an amount equal to three percent of the licensee's annual gross receipts related to the licensed use in excess of $5,000 to the state as a royalty fee.

(f) A person licensed under this section shall maintain records relating to the licensee's use of the state seal in the manner required by the rules of the secretary of state. The secretary of state may examine the records during reasonable business hours to determine the licensee's compliance with this section. Each licensee shall display the license in a conspicuous manner in the licensee's office or place of business.

(g) The secretary of state may suspend or revoke a license issued under this section for failure to comply with this section or the rules adopted under this section. The secretary of state may bring a civil action to enjoin a violation of this section or the rules adopted under this section.

(h) A person who reproduces an official document bearing the state seal does not violate Subsection (b) of this section if the document is:

(1) reproduced in complete form; and

(2) used for a purpose related to the purpose for which the document was issued by the state.

(i) A person who violates a provision of Subsection (b) of this section commits an offense. An offense under this section is a Class C misdemeanor.

(j) A person who violates Subsection (b) of this section commits a separate offense each day that the person violates a provision of that subsection.

**Credits**

Acts 1967, 60th Leg., p. 2343, ch. 785, § 1. Amended by Acts 1985, 69th Leg., ch. 811, § 10, eff. Sept. 1, 1985; Acts 1993, 73rd Leg., ch. 300, § 8, eff. Aug. 30, 1993; Acts 1995, 74th Leg., ch. 76, § 5.95(49), eff. Sept. 1, 1995; Acts 2007, 80th Leg., ch. 921, § 2A.001, eff. Sept. 1, 2007.

V. T. C. A., Bus. & C. § 17.08, TX BUS & COM § 17.08
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter B. Deceptive Advertising, Packing, Selling, and Exporting (Refs & Annos)

V.T.C.A., Bus. & C. § 17.11

§ 17.11. Deceptive Wholesale and Going-Out-Of-Business Advertising

Currentness

(a) In Subsection (b) of this section, unless the context requires a different definition, "wholesaler" means a person who sells for the purpose of resale and not directly to a consuming purchaser.

(b) No person may wilfully misrepresent the nature of his business by using in selling or advertising the word manufacturer, wholesaler, retailer, or other word of similar meaning.

(c) No person may wilfully misrepresent the ownership of a business for the purpose of holding a liquidation sale, auction sale, or other sale which represents that the business is going out of business. A person who advertises a liquidation sale, auction sale, or going-out-of-business sale shall state the correct name and permanent address of the owner of the business in the advertising.

(d) A person who violates a provision of Subsection (b) or (c) of this section is guilty of a misdemeanor and upon conviction is punishable by a fine of not less than $100 nor more than $500.

**Credits**
Acts 1967, 60th Leg., p. 2343, ch. 785, § 1.

V. T. C. A., Bus. & C. § 17.11, TX BUS & COM § 17.11
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter B. Deceptive Advertising, Packing, Selling, and Exporting (Refs & Annos)

V.T.C.A., Bus. & C. § 17.12

§ 17.12. Deceptive Advertising

Currentness

(a) No person may disseminate a statement he knows materially misrepresents the cost or character of tangible personal property, a security, service, or anything he may offer for the purpose of

(1) selling, contracting to sell, otherwise disposing of, or contracting to dispose of the tangible personal property, security, service, or anything he may offer; or

(2) inducing a person to contract with regard to the tangible personal property, security, service, or anything he may offer.

(b) No person may solicit advertising in the name of a club, association, or organization without the written permission of such club, association, or organization or distribute any publication purporting to represent officially a club, association, or organization without the written authority of or a contract with such club, association, or organization and without listing in such publication the complete name and address of the club, association, or organization endorsing it.

(c) A person's proprietary mark appearing on or in a statement described in Subsection (a) of this section is prima facie evidence that the person disseminated the statement.

(d) A person who violates a provision of Subsection (a) or (b) of this Section is guilty of a misdemeanor and upon conviction is punishable by a fine of not less than $10 nor more than $200.

**Credits**
Acts 1967, 60th Leg., p. 2343, ch. 785, § 1. Amended by Acts 1969, 61st Leg., p. 2045, ch. 701, § 1, eff. June 12, 1969.

V. T. C. A., Bus. & C. § 17.12, TX BUS & COM § 17.12
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
       Title 2. Competition and Trade Practices
          Chapter 17. Deceptive Trade Practices (Refs & Annos)
             Subchapter D. Counterfeiting or Changing a Required Mark; Misuse of Container Bearing Mark

V.T.C.A., Bus. & C. § 17.29

§ 17.29. Misusing Container; Evidence of Misuse and Container's Ownership

Currentness

(a) In this section, unless the context requires a different definition, "container" also includes drink-dispensing fountain.

(b) Unless the owner of a reusable container bearing a proprietary mark (or one acting with the owner's written permission) agrees, no person may

    (1) fill the container for sale or other commercial purpose;

    (2) deface, cover up, or remove the proprietary mark from the container; or

    (3) refuse to return the container to the owner if he requests its return.

(c) A person's wilful

    (1) possession of a full or empty reusable container without the owner's permission is prima facie evidence of his violating a provision of Subsection (b) of this section;

    (2) use, purchase, sale, or other disposition of a full or empty reusable container without the owner's permission is prima facie evidence of his violating a provision of Subsection (b) of this section; and

    (3) breaking, damaging, or destroying a full or empty reusable container is prima facie evidence of his violating a provision of Subsection (b) of this section.

(d) In an action in which the ownership of a reusable container is in issue, a person's proprietary mark on the container is prima facie evidence that the person or his licensee owns the container.

(e) A person who violates a provision of Subsection (b) of this section is guilty of a misdemeanor and upon conviction is punishable by

(1) a fine of not less than $25 nor more than $50 for each violation concerning a drink-dispensing fountain; or

(2) a fine of not less than $5 nor more than $10 for each violation concerning any other container.

**Credits**

Acts 1967, 60th Leg., p. 2343, ch. 785, § 1.

V. T. C. A., Bus. & C. § 17.29, TX BUS & COM § 17.29

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.


KeyCite Yellow Flag

Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter D. Counterfeiting or Changing a Required Mark; Misuse of Container Bearing Mark

V.T.C.A., Bus. & C. § 17.30

§ 17.30. Misusing Dairy Container Bearing Proprietary Mark

Currentness

(a) In this section, unless the context requires a different definition, "dairy container" includes butter box, ice cream can, ice cream tub, milk bottle, milk bottle case, milk can, and milk jar.

(b) Without the owner's consent, no person may

(1) fill with milk, cream, butter, or ice cream; damage; mutilate; or destroy a dairy container bearing the owner's commonly used proprietary mark; or

(2) wilfully refuse to return on request to the owner a dairy container bearing his commonly used proprietary mark.

(c) Without the owner's written consent, no person may

(1) deface or remove an owner's proprietary mark from a dairy container; or

(2) substitute on a dairy container his proprietary mark for that of the owner.

(d) A person's commonly used proprietary mark on a dairy container is prima facie evidence of that person's ownership of the container.

(e) A person who violates a provision of Subsection (b) or (c) of this section is guilty of a misdemeanor and upon conviction is punishable by a fine of not less than $10 nor more than $100.

**Credits**

Acts 1967, 60th Leg., p. 2343, ch. 785, § 1.

V. T. C. A., Bus. & C. § 17.30, TX BUS & COM § 17.30

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**                                                                © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter D. Counterfeiting or Changing a Required Mark; Misuse of Container Bearing Mark

V.T.C.A., Bus. & C. § 17.31

§ 17.31. Identification, Possession, and Use of Certain Containers

Currentness

(a) In this section:

(1) "Bakery basket or tray" means a wire or plastic container that holds bread or other baked goods and is used by a distributor or retailer or an agent of a distributor or retailer to transport, store, or carry bakery products.

(2) "Container" means a bakery basket or tray, dairy case, egg basket, poultry box, or other container used to transport, store, or carry a product.

(3) "Dairy case" means a wire or plastic container that holds 16 quarts or more of beverage and is used by a distributor or retailer or an agent of a distributor or retailer to transport, store, or carry dairy products.

(4) "Egg basket" means a permanent type of container that contains four dozen or more shell eggs and is used by a distributor or retailer or an agent of a distributor or retailer to transport, store, or carry eggs.

(5) "Laundry cart" means a basket that is mounted on wheels and used in a coin-operated laundry or dry cleaning establishment by a customer or an attendant to transport laundry and laundry supplies.

(6) "Name or mark" means any permanently affixed or permanently stamped name or mark that is used for the purpose of identifying the owner of a shopping cart, laundry cart, or container.

(7) "Parking area" means a lot or other property provided by a retail establishment for the use of customers to park automobiles or other vehicles while doing business in that establishment.

(8) "Poultry box" means a permanent type of container that is used by a processor, distributor, retailer, or food service establishment or an agent of one of those persons to transport, store, or carry poultry.

(9) "Shopping cart" means a basket that is mounted on wheels, or a similar device, generally used in a retail establishment by a customer to transport goods of any kind.

(b) A person owning a shopping cart, laundry cart, or container may adopt and use a name or mark on the carts or containers.

(c) A person may not:

(1) use for any purpose outside the premises of the owner or an adjacent parking area, a container of another that is identified with or by any name or mark unless the use is authorized by the owner;

(2) sell or offer for sale a container of another that is identified with or by a name or mark unless the sale is authorized by the owner; or

(3) deface, obliterate, destroy, cover up, or otherwise remove or conceal a name or mark on a container of another without the written consent of the owner.

(d) A common carrier or contract carrier, unless engaged in the transporting of dairy products, eggs, and poultry to and from farms where they are produced, may not receive or transport a container marked with a name or mark unless the carrier has in the carrier's possession a bill of lading or invoice for the container.

(e) A person may not remove a container from the premises, parking area, or any other area of a processor, distributor, or retail establishment or from a delivery vehicle unless the person is legally authorized to do so, if:

(1) the container is marked on at least one side with a name or mark; and

(2) a notice to the public, warning that unauthorized use by a person other than the owner is punishable by law, is visibly displayed on the container.

(f) A person may not:

(1) remove a shopping cart or laundry cart from the premises or parking area of a retail establishment with intent to temporarily or permanently deprive the owner of the cart or the retailer of possession of the cart;

(2) remove a shopping cart or laundry cart, without written authorization from the owner of the cart, from the premises or parking area of any retail establishment;

(3) possess, without the written permission of the owner or retailer in lawful possession of the cart, a shopping cart or laundry cart outside the premises or parking lot of the retailer whose name or mark appears on the cart; or

    (4) remove, obliterate, or alter a serial number, name, or mark affixed to a shopping cart or laundry cart.

(g) The requiring, taking, or accepting of a deposit on delivery of a container, shopping cart, or laundry cart is not considered a sale of the container or cart.

(h) A person who violates this section commits an offense. An offense under this section is a Class C misdemeanor. Each violation constitutes a separate offense.

(i) This section does not apply to the owner of a shopping cart, laundry cart, or container or to a customer or any other person who has written consent from the owner of a shopping cart, laundry cart, or container or from a retailer in lawful possession of the cart or container to remove it from the premises or the parking area of the retail establishment. For the purposes of this section, the term "written consent" includes tokens and other indicia of consent established by the owner of the carts or the retailer.

**Credits**

Added by Acts 1989, 71st Leg., ch. 724, § 1, eff. Sept. 1, 1989.

V. T. C. A., Bus. & C. § 17.31, TX BUS & COM § 17.31

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices
        Subchapter E. Deceptive Trade Practices and Consumer Protection

V.T.C.A., Bus. & C. T. 2, Ch. 17, Subch. E, Refs & Annos

Currentness

V. T. C. A., Bus. & C. T. 2, Ch. 17, Subch. E, Refs & Annos, TX BUS & COM T. 2, Ch. 17, Subch. E, Refs & Annos
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices
                Subchapter E. Deceptive Trade Practices and Consumer Protection

V.T.C.A., Bus. & C. T. 2, Ch. 17, Subch. E, Disp Table

Currentness

V. T. C. A., Bus. & C. T. 2, Ch. 17, Subch. E, Disp Table, TX BUS & COM T. 2, Ch. 17, Subch. E, Disp Table

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code
     Title 2. Competition and Trade Practices
       Chapter 17. Deceptive Trade Practices
         Subchapter E. Deceptive Trade Practices and Consumer Protection

V.T.C.A., Bus. & C. T. 2, Ch. 17, Subch. E, Refs & Annos

Currentness

V. T. C. A., Bus. & C. T. 2, Ch. 17, Subch. E, Refs & Annos, TX BUS & COM T. 2, Ch. 17, Subch. E, Refs & Annos
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.41

§ 17.41. Short Title

Currentness

This subchapter may be cited as the Deceptive Trade Practices-Consumer Protection Act.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

V. T. C. A., Bus. & C. § 17.41, TX BUS & COM § 17.41

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.42

§ 17.42. Waivers: Public Policy

Currentness

(a) Any waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void; provided, however, that a waiver is valid and enforceable if:

(1) the waiver is in writing and is signed by the consumer;

(2) the consumer is not in a significantly disparate bargaining position; and

(3) the consumer is represented by legal counsel in seeking or acquiring the goods or services.

(b) A waiver under Subsection (a) is not effective if the consumer's legal counsel was directly or indirectly identified, suggested, or selected by a defendant or an agent of the defendant.

(c) A waiver under this section must be:

(1) conspicuous and in bold-face type of at least 10 points in size;

(2) identified by the heading "Waiver of Consumer Rights," or words of similar meaning; and

(3) in substantially the following form:

"I waive my rights under the Deceptive Trade Practices-Consumer Protection Act, Section 17.41 et seq., Business & Commerce Code, a law that gives consumers special rights and protections. After consultation with an attorney of my own selection, I voluntarily consent to this waiver."

(d) The waiver required by Subsection (c) may be modified to waive only specified rights under this subchapter.

(e) The fact that a consumer has signed a waiver under this section is not a defense to an action brought by the attorney general under Section 17.47.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1981, 67th Leg., p. 863, ch. 307, § 1, eff. Aug. 31, 1981; Acts 1983, 68th Leg., p. 4943, ch. 883, § 1, eff. Aug. 29, 1983; Acts 1987, 70th Leg., ch. 167, § 5.02(6), eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 380, § 1, eff. Sept. 1, 1989; Acts 1995, 74th Leg., ch. 414, § 1, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.42, TX BUS & COM § 17.42

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.43

§ 17.43. Cumulative Remedies

Currentness

The provisions of this subchapter are not exclusive. The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law; provided, however, that no recovery shall be permitted under both this subchapter and another law of both damages and penalties for the same act or practice. A violation of a provision of law other than this subchapter is not in and of itself a violation of this subchapter. An act or practice that is a violation of a provision of law other than this subchapter may be made the basis of an action under this subchapter if the act or practice is proscribed by a provision of this subchapter or is declared by such other law to be actionable under this subchapter. The provisions of this subchapter do not in any way preclude other political subdivisions of this state from dealing with deceptive trade practices.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1979, 66th Leg., p. 1327, ch. 603, § 1, eff. Aug. 27, 1979; Acts 1995, 74th Leg., ch. 414, § 1, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.43, TX BUS & COM § 17.43
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**　　　　　　　　　　　　　　　© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.44

§ 17.44. Construction and Application

Currentness

(a) This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

(b) Chapter 27, Property Code, prevails over this subchapter to the extent of any conflict.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1995, 74th Leg., ch. 414, § 1, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.44, TX BUS & COM § 17.44
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
Business and Commerce Code (Refs & Annos)
Title 2. Competition and Trade Practices
Chapter 17. Deceptive Trade Practices (Refs & Annos)
Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.45

§ 17.45. Definitions

Currentness

As used in this subchapter:

(1) "Goods" means tangible chattels or real property purchased or leased for use.

(2) "Services" means work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods.

(3) "Person" means an individual, partnership, corporation, association, or other group, however organized.

(4) "Consumer" means an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

(5) "Unconscionable action or course of action" means an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

(6) "Trade" and "commerce" mean the advertising, offering for sale, sale, lease, or distribution of any good or service, of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state.

(7) "Documentary material" includes the original or a copy of any book, record, report, memorandum, paper, communication, tabulation, map, chart, photograph, mechanical transcription, or other tangible document or recording, wherever situated.

(8) "Consumer protection division" means the consumer protection division of the attorney general's office.

(9) "Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

(10) "Business consumer" means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services for commercial or business use. The term does not include this state or a subdivision or agency of this state.

(11) "Economic damages" means compensatory damages for pecuniary loss, including costs of repair and replacement. The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.

(12) "Residence" means a building:

(A) that is a single-family house, duplex, triplex, or quadruplex or a unit in a multiunit residential structure in which title to the individual units is transferred to the owners under a condominium or cooperative system; and

(B) that is occupied or to be occupied as the consumer's residence.

(13) "Intentionally" means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the consumer's claim, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Intention may be inferred from objective manifestations that indicate that the person acted intentionally or from facts showing that a defendant acted with flagrant disregard of prudent and fair business practices to the extent that the defendant should be treated as having acted intentionally.

(14) "Vehicle protection product":

(A) means a product or system, including a written warranty:

(i) that is:

(a) installed on or applied to a vehicle; and

(b) designed to prevent loss of or damage to a vehicle from a specific cause; and

(ii) under which, after installation or application of the product or system described by Subparagraph (i), if loss or damage results from the failure of the product or system to perform as represented in the warranty, the warrantor, to the extent agreed on as part of the warranty, is required to pay expenses to the person in this state who purchases or otherwise possesses the product or system for the loss of or damage to the vehicle; and

(B) may also include identity recovery, as defined by Section 1304.003, Occupations Code, if the product or system described by Paragraph (A) is financed under Chapter 348 or 353, Finance Code.

(15) "Warrantor" means a person named under the terms of a vehicle protection product warranty as the contractual obligor to a person in this state who purchases or otherwise possesses a vehicle protection product.

(16) "Loss of or damage to the vehicle," for purposes of Subdivision (14)(A)(ii), may also include unreimbursed incidental expenses that may be incurred by the warrantor, including expenses for a replacement vehicle, temporary vehicle rental expenses, and registration expenses for replacement vehicles.

(17) "Building materials" includes lumber, windows, and other materials used in the construction or repair of improvements to real property.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1975, 64th Leg., p. 149, ch. 62, § 1, eff. Sept. 1, 1975; Acts 1977, 65th Leg., p. 600, ch. 216, § 1, eff. May 23, 1977; Acts 1979, 66th Leg., p. 1327, ch. 603, § 2, eff. Aug. 27, 1979; Acts 1983, 68th Leg., p. 4943, ch. 883, §§ 2, 3, eff. Aug. 29, 1983; Acts 1995, 74th Leg., ch. 414, § 2, eff. Sept. 1, 1995; Acts 2007, 80th Leg., ch. 411, § 1, eff. Sept. 1, 2007; Acts 2017, 85th Leg., ch. 967 (S.B. 2065), § 1.001, eff. Sept. 1, 2017; Acts 2019, 86th Leg., ch. 759 (H.B. 1152), § 1, eff. Sept. 1, 2019.

V. T. C. A., Bus. & C. § 17.45, TX BUS & COM § 17.45
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

⚑ KeyCite Yellow Flag

Unconstitutional or Preempted  Limited on Preemption Grounds by  St. Pierre v. Ward,   W.D.Tex.,   June 02, 2021

⚑ KeyCite Yellow Flag

Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code (Refs & Annos)
      Title 2. Competition and Trade Practices
         Chapter 17. Deceptive Trade Practices (Refs & Annos)
            Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.46

§ 17.46. Deceptive Trade Practices Unlawful

Currentness

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

   (1) passing off goods or services as those of another;

   (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   (3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

   (4) using deceptive representations or designations of geographic origin in connection with goods or services;

   (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

   (6) representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

   (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(8) disparaging the goods, services, or business of another by false or misleading representation of facts;

(9) advertising goods or services with intent not to sell them as advertised;

(10) advertising goods or services with intent not to supply a reasonable expectable public demand, unless the advertisements disclosed a limitation of quantity;

(11) making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(13) knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

(14) misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

(15) basing a charge for the repair of any item in whole or in part on a guaranty or warranty instead of on the value of the actual repairs made or work to be performed on the item without stating separately the charges for the work and the charge for the warranty or guaranty, if any;

(16) disconnecting, turning back, or resetting the odometer of any motor vehicle so as to reduce the number of miles indicated on the odometer gauge;

(17) advertising of any sale by fraudulently representing that a person is going out of business;

(18) advertising, selling, or distributing a card which purports to be a prescription drug identification card issued under Section 4151.152, Insurance Code, in accordance with rules adopted by the commissioner of insurance, which offers a discount on the purchase of health care goods or services from a third party provider, and which is not evidence of insurance coverage, unless:

(A) the discount is authorized under an agreement between the seller of the card and the provider of those goods and services or the discount or card is offered to members of the seller;

(B) the seller does not represent that the card provides insurance coverage of any kind; and

(C) the discount is not false, misleading, or deceptive;

(19) using or employing a chain referral sales plan in connection with the sale or offer to sell of goods, merchandise, or anything of value, which uses the sales technique, plan, arrangement, or agreement in which the buyer or prospective buyer

is offered the opportunity to purchase merchandise or goods and in connection with the purchase receives the seller's promise or representation that the buyer shall have the right to receive compensation or consideration in any form for furnishing to the seller the names of other prospective buyers if receipt of the compensation or consideration is contingent upon the occurrence of an event subsequent to the time the buyer purchases the merchandise or goods;

(20) representing that a guaranty or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 to involve obligations in excess of those which are appropriate to the goods;

(21) promoting a pyramid promotional scheme, as defined by Section 17.461;

(22) representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced;

(23) filing suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract; provided, however, that a violation of this subsection shall not occur where it is shown by the person filing such suit that the person neither knew or had reason to know that the county in which such suit was filed was neither the county in which the defendant resides at the commencement of the suit nor the county in which the defendant in fact signed the contract;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(25) using the term "corporation," "incorporated," or an abbreviation of either of those terms in the name of a business entity that is not incorporated under the laws of this state or another jurisdiction;

(26) selling, offering to sell, or illegally promoting an annuity contract under Chapter 22, Acts of the 57th Legislature, 3rd Called Session, 1962 (Article 6228a-5, Vernon's Texas Civil Statutes), with the intent that the annuity contract will be the subject of a salary reduction agreement, as defined by that Act, if the annuity contract is not an eligible qualified investment under that Act;

(27) subject to Section 17.4625, taking advantage of a disaster declared by the governor under Chapter 418, Government Code, or by the president of the United States by:

(A) selling or leasing fuel, food, medicine, lodging, building materials, construction tools, or another necessity at an exorbitant or excessive price; or

(B) demanding an exorbitant or excessive price in connection with the sale or lease of fuel, food, medicine, lodging, building materials, construction tools, or another necessity;

(28) using the translation into a foreign language of a title or other word, including "attorney," "immigration consultant," "immigration expert," "lawyer," "licensed," "notary," and "notary public," in any written or electronic material, including an advertisement, a business card, a letterhead, stationery, a website, or an online video, in reference to a person who is not an attorney in order to imply that the person is authorized to practice law in the United States;

(29) delivering or distributing a solicitation in connection with a good or service that:

(A) represents that the solicitation is sent on behalf of a governmental entity when it is not; or

(B) resembles a governmental notice or form that represents or implies that a criminal penalty may be imposed if the recipient does not remit payment for the good or service;

(30) delivering or distributing a solicitation in connection with a good or service that resembles a check or other negotiable instrument or invoice, unless the portion of the solicitation that resembles a check or other negotiable instrument or invoice includes the following notice, clearly and conspicuously printed in at least 18-point type:

"SPECIMEN-NON-NEGOTIABLE";

(31) in the production, sale, distribution, or promotion of a synthetic substance that produces and is intended to produce an effect when consumed or ingested similar to, or in excess of, the effect of a controlled substance or controlled substance analogue, as those terms are defined by Section 481.002, Health and Safety Code:

(A) making a deceptive representation or designation about the synthetic substance; or

(B) causing confusion or misunderstanding as to the effects the synthetic substance causes when consumed or ingested;

(32) a licensed public insurance adjuster directly or indirectly soliciting employment, as defined by Section 38.01, Penal Code, for an attorney, or a licensed public insurance adjuster entering into a contract with an insured for the primary purpose of referring the insured to an attorney without the intent to actually perform the services customarily provided by a licensed public insurance adjuster, provided that this subdivision may not be construed to prohibit a licensed public insurance adjuster from recommending a particular attorney to an insured;

(33) owning, operating, maintaining, or advertising a massage establishment, as defined by Section 455.001, Occupations Code, that:

(A) is not appropriately licensed under Chapter 455, Occupations Code, or is not in compliance with the applicable licensing and other requirements of that chapter; or

(B) is not in compliance with an applicable local ordinance relating to the licensing or regulation of massage establishments; or

(34) a warrantor of a vehicle protection product warranty using, in connection with the product, a name that includes "casualty," "surety," "insurance," "mutual," or any other word descriptive of an insurance business, including property or casualty insurance, or a surety business.

(c)(1) It is the intent of the legislature that in construing Subsection (a) of this section in suits brought under Section 17.47 of this subchapter the courts to the extent possible will be guided by Subsection (b) of this section and the interpretations given by the Federal Trade Commission and federal courts to Section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C.A. § 45(a)(1) ].

(2) In construing this subchapter the court shall not be prohibited from considering relevant and pertinent decisions of courts in other jurisdictions.

(d) For the purposes of the relief authorized in Subdivision (1) of Subsection (a) of Section 17.50 of this subchapter, the term "false, misleading, or deceptive acts or practices" is limited to the acts enumerated in specific subdivisions of Subsection (b) of this section.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1977, 65th Leg., p. 601, ch. 216, §§ 2, 3, eff. May 23, 1977; Acts 1977, 65th Leg., p. 892, ch. 336, § 1, eff. Aug. 29, 1977; Acts 1979, 66th Leg., p. 1327, ch. 603, § 3, eff. Aug. 27, 1979; Acts 1987, 70th Leg., ch. 280, § 1, eff. Sept. 1, 1987; Acts 1993, 73rd Leg., ch. 570, § 6, eff. Sept. 1, 1993; Acts 1995, 74th Leg., ch. 414, § 3, eff. Sept. 1, 1995; Acts 1995, 74th Leg., ch. 463, § 1, eff. Sept. 1, 1995; Acts 2001, 77th Leg., ch. 962, § 1, eff. Sept. 1, 2001; Acts 2001, 77th Leg., ch. 1229, § 27, eff. June 1, 2002; Acts 2003, 78th Leg., ch. 1276, § 4.001(a), eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 728, § 11.101, eff. Sept. 1, 2005; Acts 2007, 80th Leg., ch. 1230, § 26, eff. Sept. 1, 2007; Acts 2015, 84th Leg., ch. 1023 (H.B. 1265), § 1, eff. Sept. 1, 2015; Acts 2015, 84th Leg., ch. 1080 (H.B. 2573), § 1, eff. Sept. 1, 2015; Acts 2017, 85th Leg., ch. 324 (S.B. 1488), § 3.001, eff. Sept. 1, 2017; Acts 2017, 85th Leg., ch. 858 (H.B. 2552), § 1, eff. Sept. 1, 2017; Acts 2017, 85th Leg., ch. 967 (S.B. 2065), §§ 1.002, 2.001, eff. Sept. 1, 2017; Acts 2019, 86th Leg., ch. 203 (H.B. 2820), § 2.01, eff. Sept. 1, 2019; Acts 2019, 86th Leg., ch. 467 (H.B. 4170), § 3.001, eff. Sept. 1, 2019; Acts 2019, 86th Leg., ch. 759 (H.B. 1152), § 2, eff. Sept. 1, 2019.

V. T. C. A., Bus. & C. § 17.46, TX BUS & COM § 17.46
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 KeyCite Yellow Flag

Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code (Refs & Annos)
      Title 2. Competition and Trade Practices
         Chapter 17. Deceptive Trade Practices (Refs & Annos)
            Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.461

§ 17.461. Pyramid Promotional Scheme

Currentness

(a) In this section:

(1) "Compensation" means payment of money, a financial benefit, or another thing of value. The term does not include payment based on sale of a product to a person, including a participant, who purchases the product for actual use or consumption.

(2) "Consideration" means the payment of cash or the purchase of a product. The term does not include:

(A) a purchase of a product furnished at cost to be used in making a sale and not for resale;

(B) a purchase of a product subject to a repurchase agreement that complies with Subsection (b); or

(C) time and effort spent in pursuit of a sale or in a recruiting activity.

(3) "Participate" means to contribute money into a pyramid promotional scheme without promoting, organizing, or operating the scheme.

(4) "Product" means a good, a service, or intangible property of any kind.

(5) "Promoting a pyramid promotional scheme" means:

(A) inducing or attempting to induce one or more other persons to participate in a pyramid promotional scheme; or

(B) assisting another person in inducing or attempting to induce one or more other persons to participate in a pyramid promotional scheme, including by providing references.

(6) "Pyramid promotional scheme" means a plan or operation by which a person gives consideration for the opportunity to receive compensation that is derived primarily from a person's introduction of other persons to participate in the plan or operation rather than from the sale of a product by a person introduced into the plan or operation.

(b) To qualify as a repurchase agreement for the purposes of Subsection (a)(2)(B), an agreement must be an enforceable agreement by the seller to repurchase, on written request of the purchaser and not later than the first anniversary of the purchaser's date of purchase, all unencumbered products that are in an unused, commercially resalable condition at a price not less than 90 percent of the amount actually paid by the purchaser for the products being returned, less any consideration received by the purchaser for purchase of the products being returned. A product that is no longer marketed by the seller is considered resalable if the product is otherwise in an unused, commercially resalable condition and is returned to the seller not later than the first anniversary of the purchaser's date of purchase, except that the product is not considered resalable if before the purchaser purchased the product it was clearly disclosed to the purchaser that the product was sold as a nonreturnable, discontinued, seasonal, or special promotion item.

(c) A person commits an offense if the person contrives, prepares, establishes, operates, advertises, sells, or promotes a pyramid promotional scheme. An offense under this subsection is a state jail felony.

(d) It is not a defense to prosecution for an offense under this section that the pyramid promotional scheme involved both a franchise to sell a product and the authority to sell additional franchises if the emphasis of the scheme is on the sale of additional franchises.

**Credits**
Added by Acts 1995, 74th Leg., ch. 463, § 2, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.461, TX BUS & COM § 17.461
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.462

§ 17.462. Listing of Business Location of Certain Businesses

Currentness

(a) A person may not misrepresent the geographical location of a business that derives 50 percent or more of its gross income from the sale or arranging for the sale of flowers or floral arrangements in the listing of the business:

   (1) in a telephone directory or other directory assistance database;

   (2) on an Internet website; or

   (3) in a print advertisement.

(b) A person is considered to misrepresent the geographical location of a business for purposes of Subsection (a) if the name of the business indicates that the business is located in a geographical area and:

   (1) the business is not located within the geographical area indicated;

   (2) the listing fails to identify the municipality and state of the business's geographical location; and

   (3) a telephone call to the local telephone number:

      (A) listed in the directory or database routinely is forwarded or transferred to a location that is outside the calling area covered by the directory or database in which the number is listed; or

      (B) provided on the Internet website or in a print advertisement routinely is forwarded or transferred to a location that is outside the calling area of the geographical area as indicated by the name of the business.

(c) A person may place a listing for a business described by Subsection (a) the name of which indicates that it is located in a geographical area that is different from the geographical area in which the business is located if a conspicuous notice in the listing states the municipality and state in which the business is located.

(d) This section does not apply to:

(1) a publisher of a telephone directory or other publication or a provider of a directory assistance service publishing or providing information about another business;

(2) an Internet website that aggregates and provides information about other businesses;

(3) an owner or publisher of a print medium providing information about other businesses;

(4) an Internet service provider; or

(5) an Internet service that displays or distributes advertisements for other businesses.

(e) This section creates no duty and imposes no obligation upon anyone other than the business that is the subject of the advertisement or listing.

(f) A violation of this section is a false, misleading, or deceptive act or practice under this subchapter, and any public or private right or remedy prescribed by this subchapter may be used to enforce this section.

**Credits**
Added by Acts 2003, 78th Leg., ch. 138, § 1, eff. Sept. 1, 2003. Amended by Acts 2011, 82nd Leg., ch. 489 (H.B. 989), §§ 1, 2, eff. Sept. 1, 2011.

V. T. C. A., Bus. & C. § 17.462, TX BUS & COM § 17.462
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.4625

§ 17.4625. Price Gouging During Declared Disaster

Currentness

(a) In this section, "designated disaster period" means the period:

   (1) beginning on the earliest of:

      (A) the date the disaster occurs; or

      (B) the date of:

         (i) the proclamation or executive order of the governor declaring the disaster; or

         (ii) the declaration of the disaster by the president of the United States, if any part of this state is named in the federally declared disaster area; and

   (2) ending on the 30th day after the date the disaster declaration expires or is terminated.

(b) Notwithstanding any other provision of this subchapter, Section 17.46(b)(27) applies only to an act described by that subdivision that occurs during a designated disaster period in this state.

**Credits**
Added by Acts 2019, 86th Leg., ch. 759 (H.B. 1152), § 3, eff. Sept. 1, 2019.

V. T. C. A., Bus. & C. § 17.4625, TX BUS & COM § 17.4625
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works. 1

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.463

§ 17.463. Production, Sale, Distribution, or Promotion of Certain Synthetic Substances

Currentness

(a) This section applies only to an act described by Section 17.46(b)(31).

(b) Subject to Subsection (e) and except as otherwise provided by this section, an act to which this section applies is subject to action by a district or county attorney under Sections 17.47, 17.58, 17.60, and 17.61 to the same extent as the act is subject to action by the consumer protection division under those sections.

(c) If a district or county attorney, under the authority of this section, accepts assurance of voluntary compliance under Section 17.58, the district or county attorney must file the assurance of voluntary compliance in the district court in the county in which the alleged violator resides or does business.

(d) If a district or county attorney, under the authority of this section, executes and serves a civil investigative demand and files a petition described by Section 17.61(g), the petition must be filed in the district court in the county where the parties reside.

(e) A district or county attorney may act under this section so long as the consumer protection division does not intend to act with respect to that matter. Further, consistent with Section 17.48(b) of this subchapter, the consumer protection division shall, upon request and to the extent it has the resources available, provide assistance to a district or county attorney in any action taken under this subchapter. A district or county attorney may institute a suit described by this section on or after the 90th day after the date the attorney general receives the notice required by Section 17.48 unless before the 90th day after the date the notice is received the attorney general responds that it is actively investigating or litigating at least one of the alleged violations set forth in the notice. The consumer protection division shall notify the district or county attorney it no longer intends to actively investigate or litigate an alleged violation within a reasonable time of such determination.

(f) Notwithstanding any other law, in an action brought by a district or county attorney under this section, all settlements or penalties collected by the district or county attorney shall be divided between the state and the county in which the attorney brought suit, with:

(1) 50 percent of the amount collected paid to the comptroller for deposit to the credit of the basic civil legal services account established by Section 51.943, Government Code; and

(2) 50 percent of the amount collected paid to the county shall be deposited by the county in a segregated account and the funds shall be used only for law enforcement, public health programs, or drug abuse prevention programs.

**Credits**

Added by Acts 2017, 85th Leg., ch. 861 (H.B. 2612), § 2, eff. Sept. 1, 2017.

V. T. C. A., Bus. & C. § 17.463, TX BUS & COM § 17.463

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 KeyCite Yellow Flag

Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.464

§ 17.464. Unconscionable Price for Care at Emergency Facility

Currentness

(a) In this section:

(1) "Emergency care" means health care services provided in an emergency facility to evaluate and stabilize medical conditions of a recent onset and severity, including severe pain, that would lead a prudent layperson possessing an average knowledge of medicine and health to believe that the individual's condition, sickness, or injury is of such a nature that failure to get immediate medical care could:

(A) place the individual's health in serious jeopardy;

(B) result in serious impairment to bodily functions;

(C) result in serious dysfunction of a bodily organ or part;

(D) result in serious disfigurement; or

(E) for a pregnant woman, result in serious jeopardy to the health of the fetus.

(2) "Emergency facility":

(A) means:

(i) a freestanding emergency medical care facility licensed under Chapter 254, Health and Safety Code; or

(ii) a hospital that does not meet the conditions of participation for certification under Title XVIII of the Social Security Act (42 U.S.C. Section 1395 et seq.); and

(B) does not include a hospital that:

(i) has been operating as a hospital for less than one year;

(ii) has submitted an application to a federally recognized accreditation program for certification under Title XVIII of the Social Security Act (42 U.S.C. Section 1395 et seq.); and

(iii) has not failed an accreditation for certification.

(b) For purposes of Section 17.46(a), the term "false, misleading, or deceptive acts or practices" includes an emergency facility that:

(1) provides emergency care at an unconscionable price; or

(2) demands or charges an unconscionable price for or in connection with emergency care or other care at the facility.

(c) The consumer protection division may not bring an action under Section 17.47 for an act or practice described by Subsection (b) if the price alleged to be unconscionable is less than 200 percent of the average charge for the same or substantially similar care provided to other individuals by emergency rooms of hospitals located in the same county or nearest county in which the emergency facility is located, as applicable, according to data collected by the Department of State Health Services under Chapter 108, Health and Safety Code, and made available to the division, except as provided by Subsection (d). The consumer protection division may not use data that includes prices for care provided in an urgent care setting or physician practice to establish the division's authority to investigate and pursue an action under this subchapter.

(d) If the attorney general determines that the consumer protection division is unable to obtain the charge data described by Subsection (c), the attorney general may adopt rules designating another source of hospital charge data for use by the division in establishing the average charge for emergency care or other care provided by hospital emergency rooms for purposes of Subsection (c).

(e) In an action brought under Section 17.47 to enforce this section, the consumer protection division may request, and the trier of fact may award the recovery of:

(1) reasonable attorney's fees and court costs; and

(2) the reasonable expenses incurred by the division in obtaining any remedy available under Section 17.47, including the cost of investigation, witness fees, and deposition expenses.

(f) This section does not create a private cause of action for a false, misleading, or deceptive act or practice described by Subsection (b).

**Credits**

Added by Acts 2019, 86th Leg., ch. 1090 (H.B. 1941), § 1, eff. Sept. 1, 2019.


V. T. C. A., Bus. & C. § 17.464, TX BUS & COM § 17.464

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag

Proposed Legislation

Vernon's Texas Statutes and Codes Annotated

    Business and Commerce Code (Refs & Annos)

        Title 2. Competition and Trade Practices

           Chapter 17. Deceptive Trade Practices (Refs & Annos)

                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.47

§ 17.47. Restraining Orders

Currentness

(a) Whenever the consumer protection division has reason to believe that any person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter, and that proceedings would be in the public interest, the division may bring an action in the name of the state against the person to restrain by temporary restraining order, temporary injunction, or permanent injunction the use of such method, act, or practice.

Nothing herein shall require the consumer protection division to notify such person that court action is or may be under consideration. Provided, however, the consumer protection division shall, at least seven days prior to instituting such court action, contact such person to inform him in general of the alleged unlawful conduct. Cessation of unlawful conduct after such prior contact shall not render such court action moot under any circumstances, and such injunctive relief shall lie even if such person has ceased such unlawful conduct after such prior contact. Such prior contact shall not be required if, in the opinion of the consumer protection division, there is good cause to believe that such person would evade service of process if prior contact were made or that such person would destroy relevant records if prior contact were made, or that such an emergency exists that immediate and irreparable injury, loss, or damage would occur as a result of such delay in obtaining a temporary restraining order.

(b) An action brought under Subsection (a) of this section which alleges a claim to relief under this section may be commenced in the district court of the county in which the person against whom it is brought resides, has his principal place of business, has done business, or in the district court of the county where the transaction occurred, or, on the consent of the parties, in a district court of Travis County. The court may issue temporary restraining orders, temporary or permanent injunctions to restrain and prevent violations of this subchapter and such injunctive relief shall be issued without bond.

(c) In addition to the request for a temporary restraining order, or permanent injunction in a proceeding brought under Subsection (a) of this section, the consumer protection division may request, and the trier of fact may award, a civil penalty to be paid to the state in an amount of:

    (1) not more than $10,000 per violation; and

(2) if the act or practice that is the subject of the proceeding was calculated to acquire or deprive money or other property from a consumer who was 65 years of age or older when the act or practice occurred, an additional amount of not more than $250,000.

(d) The court may make such additional orders or judgments as are necessary to compensate identifiable persons for actual damages or to restore money or property, real or personal, which may have been acquired by means of any unlawful act or practice. Damages may not include any damages incurred beyond a point two years prior to the institution of the action by the consumer protection division. Orders of the court may also include the appointment of a receiver or a sequestration of assets if a person who has been ordered by a court to make restitution under this section has failed to do so within three months after the order to make restitution has become final and nonappealable.

(e) Any person who violates the terms of an injunction under this section shall forfeit and pay to the state a civil penalty of not more than $10,000 per violation, not to exceed $50,000. In determining whether or not an injunction has been violated the court shall take into consideration the maintenance of procedures reasonably adapted to insure compliance with the injunction. For the purposes of this section, the district court issuing the injunction shall retain jurisdiction, and the cause shall be continued, and in these cases, the consumer protection division, or the district or county attorney with prior notice to the consumer protection division, acting in the name of the state, may petition for recovery of civil penalties under this section.

(f) An order of the court awarding civil penalties under Subsection (e) of this section applies only to violations of the injunction incurred prior to the awarding of the penalty order. Second or subsequent violations of an injunction issued under this section are subject to the same penalties set out in Subsection (e) of this section.

(g) In determining the amount of penalty imposed under Subsection (c), the trier of fact shall consider:

(1) the seriousness of the violation, including the nature, circumstances, extent, and gravity of any prohibited act or practice;

(2) the history of previous violations;

(3) the amount necessary to deter future violations;

(4) the economic effect on the person against whom the penalty is to be assessed;

(5) knowledge of the illegality of the act or practice; and

(6) any other matter that justice may require.

(h) In bringing or participating in an action under this subchapter, the consumer protection division acts in the name of the state and does not establish an attorney-client relationship with another person, including a person to whom the consumer protection division requests that the court award relief.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1977, 65th Leg., p. 602, ch. 216, § 4, eff. May 23, 1977; Acts 1985, 69th Leg., ch. 564, § 1, eff. Aug. 26, 1985; Acts 1989, 71st Leg., ch. 1082, § 8.01, eff. Jan. 1, 1991; Acts 1991, 72nd Leg., ch. 242, § 11.18, eff. Sept. 1, 1991; Acts 1997, 75th Leg., ch. 388, § 1, eff. May 28, 1997; Acts 2003, 78th Leg., ch. 360, § 1, eff. Sept. 1, 2003; Acts 2019, 86th Leg., ch. 237 (S.B. 2140), § 1, eff. Sept. 1, 2019.

V. T. C. A., Bus. & C. § 17.47, TX BUS & COM § 17.47

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.


KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
Business and Commerce Code (Refs & Annos)
Title 2. Competition and Trade Practices
Chapter 17. Deceptive Trade Practices (Refs & Annos)
Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.48

§ 17.48. Duty of District and County Attorney

Currentness

(a) It is the duty of the district and county attorneys to lend to the consumer protection division any assistance requested in the commencement and prosecutions of action under this subchapter.

(b) A district or county attorney, with prior written notice to the consumer protection division, may institute and prosecute actions seeking injunctive relief under this subchapter, after complying with the prior contact provisions of Subsection (a) of Section 17.47 of this subchapter. On request, the consumer protection division shall assist the district or county attorney in any action taken under this subchapter. If an action is prosecuted by a district or county attorney alone, he shall make a full report to the consumer protection division including the final disposition of the matter. No district or county attorney may bring an action under this section against any licensed insurer or licensed insurance agent transacting business under the authority and jurisdiction of the State Board of Insurance unless first requested in writing to do so by the State Board of Insurance, the commissioner of insurance, or the consumer protection division pursuant to a request by the State Board of Insurance or commissioner of insurance.

(c) In an action prosecuted by a district or county attorney under this subchapter for a violation of Section 17.46(b)(28), three-fourths of any civil penalty awarded by a court must be paid to the county where the court is located.

(d) A district or county attorney is not required to obtain the permission of the consumer protection division to prosecute an action under this subchapter for a violation of Section 17.46(b)(28), if the district or county attorney provides prior written notice to the division as required by Subsection (b).

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 2015, 84th Leg., ch. 1080 (H.B. 2573), § 2, eff. Sept. 1, 2015.

V. T. C. A., Bus. & C. § 17.48, TX BUS & COM § 17.48
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.49

§ 17.49. Exemptions

Currentness

(a) Nothing in this subchapter shall apply to the owner or employees of a regularly published newspaper, magazine, or telephone directory, or broadcast station, or billboard, wherein any advertisement in violation of this subchapter is published or disseminated, unless it is established that the owner or employees of the advertising medium have knowledge of the false, deceptive, or misleading acts or practices declared to be unlawful by this subchapter, or had a direct or substantial financial interest in the sale or distribution of the unlawfully advertised good or service. Financial interest as used in this section relates to an expectation which would be the direct result of such advertisement.

(b) Nothing in this subchapter shall apply to acts or practices authorized under specific rules or regulations promulgated by the Federal Trade Commission under Section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C.A. 45(a)(1)]. The provisions of this subchapter do apply to any act or practice prohibited or not specifically authorized by a rule or regulation of the Federal Trade Commission. An act or practice is not specifically authorized if no rule or regulation has been issued on the act or practice.

(c) Nothing in this subchapter shall apply to a claim for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill. This exemption does not apply to:

(1) an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion;

(2) a failure to disclose information in violation of Section 17.46(b)(24);

(3) an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion;

(4) breach of an express warranty that cannot be characterized as advice, judgment, or opinion; or

(5) a violation of Section 17.46(b)(26).

(d) Subsection (c) applies to a cause of action brought against the person who provided the professional service and a cause of action brought against any entity that could be found to be vicariously liable for the person's conduct.

(e) Except as specifically provided by Subsections (b) and (h), Section 17.50, nothing in this subchapter shall apply to a cause of action for bodily injury or death or for the infliction of mental anguish.

(f) Nothing in the subchapter shall apply to a claim arising out of a written contract if:

(1) the contract relates to a transaction, a project, or a set of transactions related to the same project involving total consideration by the consumer of more than $100,000;

(2) in negotiating the contract the consumer is represented by legal counsel who is not directly or indirectly identified, suggested, or selected by the defendant or an agent of the defendant; and

(3) the contract does not involve the consumer's residence.

(g) Nothing in this subchapter shall apply to a cause of action arising from a transaction, a project, or a set of transactions relating to the same project, involving total consideration by the consumer of more than $500,000, other than a cause of action involving a consumer's residence.

(h) A person who violates Section 17.46(b)(26) is jointly and severally liable under that subdivision for actual damages, court costs, and attorney's fees. Subject to Chapter 41, Civil Practice and Remedies Code, exemplary damages may be awarded in the event of fraud or malice.

(i) Nothing in this subchapter shall apply to a claim against a person licensed as a broker or salesperson under Chapter 1101, Occupations Code, arising from an act or omission by the person while acting as a broker or salesperson. This exemption does not apply to:

(1) an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion;

(2) a failure to disclose information in violation of Section 17.46(b)(24); or

(3) an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1995, 74th Leg., ch. 414, § 4, eff. Sept. 1, 1995; Acts 2001, 77th Leg., ch. 1229, § 28, eff. June 1, 2002; Acts 2003, 78th Leg., ch. 1276, § 4.001(b), eff. Sept. 1, 2003; Acts 2011, 82nd Leg., ch. 189 (S.B. 1353), § 1, eff. May 28, 2011.

V. T. C. A., Bus. & C. § 17.49, TX BUS & COM § 17.49

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag

Unconstitutional or Preempted  Limited on Preemption Grounds by   St. Pierre v. Ward,   W.D.Tex.,   June 02, 2021

Vernon's Texas Statutes and Codes Annotated
     Business and Commerce Code (Refs & Annos)
         Title 2. Competition and Trade Practices
             Chapter 17. Deceptive Trade Practices (Refs & Annos)
                 Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.50

§ 17.50. Relief for Consumers

Currentness

(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

   (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

      (A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

      (B) relied on by a consumer to the consumer's detriment;

   (2) breach of an express or implied warranty;

   (3) any unconscionable action or course of action by any person; or

   (4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code.

(b) In a suit filed under this section, each consumer who prevails may obtain:

   (1) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;

   (2) an order enjoining such acts or failure to act;

(3) orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter; and

(4) any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state if the judgment has not been satisfied within three months of the date of the final judgment. The court may not revoke or suspend a license to do business in this state or appoint a receiver to take over the affairs of a person who has failed to satisfy a judgment if the person is a licensee of or regulated by a state agency which has statutory authority to revoke or suspend a license or to appoint a receiver or trustee. Costs and fees of such receivership or other relief shall be assessed against the defendant.

(c) On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

(d) Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees.

(e) In computing additional damages under Subsection (b), attorneys' fees, costs, and prejudgment interest may not be considered.

(f) A court may not award prejudgment interest applicable to:

(1) damages for future loss under this subchapter; or

(2) additional damages under Subsection (b).

(g) Chapter 41, Civil Practice and Remedies Code, does not apply to a cause of action brought under this subchapter.

(h) Notwithstanding any other provision of this subchapter, if a claimant is granted the right to bring a cause of action under this subchapter by another law, the claimant is not limited to recovery of economic damages only, but may recover any actual damages incurred by the claimant, without regard to whether the conduct of the defendant was committed intentionally. For the purpose of the recovery of damages for a cause of action described by this subsection only, a reference in this subchapter to economic damages means actual damages. In applying Subsection (b)(1) to an award of damages under this subsection, the trier of fact is authorized to award a total of not more than three times actual damages, in accordance with that subsection.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1977, 65th Leg., p. 603, ch. 216, § 5, eff. May 23, 1977; Acts 1979, 66th Leg., p. 1329, ch. 603, § 4, eff. Aug. 27, 1979; Acts 1989, 71st Leg., ch. 380, § 2, eff. Sept. 1, 1989; Acts 1995, 74th Leg., ch. 414, § 5, eff. Sept. 1, 1995; Acts 2005, 79th Leg., ch. 728, § 11.102, eff. Sept. 1, 2005.

V. T. C. A., Bus. & C. § 17.50, TX BUS & COM § 17.50
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
 Business and Commerce Code (Refs & Annos)
  Title 2. Competition and Trade Practices
   Chapter 17. Deceptive Trade Practices (Refs & Annos)
    Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.50A

§ 17.50A. Redesignated as V.T.C.A., Bus. & C. Code § 17.505

by Acts 1987, 70th Leg., ch. 167, § 5.02(4), eff. Sept. 1, 1987

Currentness

V. T. C. A., Bus. & C. § 17.50A, TX BUS & COM § 17.50A

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.50B

§ 17.50B. Redesignated as V.T.C.A., Bus. & C. Code § 17.506
by Acts 1987, 70th Leg., ch. 167, § 5.02(5), eff. Sept. 1, 1987

Currentness

V. T. C. A., Bus. & C. § 17.50B, TX BUS & COM § 17.50B
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**                                   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.501

§ 17.501. Consumer Protection Division Participation in Class Action

Currentness

(a) A consumer filing an action under Section 17.50 that is to be maintained as a class action shall send to the consumer protection division:

(1) a copy of the notice required by Section 17.505(a), by registered or certified mail, at the same time the notice is given to the person complained against; and

(2) a copy of the petition in the action not later than the earlier of:

(A) the 30th day after the date the petition is filed; or

(B) the 10th day before the date of any hearing on class certification or a proposed settlement.

(b) The court shall abate the action for 60 days if the court finds that notice was not provided to the consumer protection division as required by Subsection (a).

(c) The court, on a showing of good cause, may allow the consumer protection division, as representative of the public, to intervene in an action to which this section applies. The consumer protection division shall file its motion for intervention with the court before which the action is pending and serve a copy of the motion on each party to the action.

**Credits**
Added by Acts 2003, 78th Leg., ch. 360, § 2, eff. Sept. 1, 2003.

V. T. C. A., Bus. & C. § 17.501, TX BUS & COM § 17.501
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.505

§ 17.505. Notice; Inspection

Currentness

(a) As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant. During the 60-day period a written request to inspect, in a reasonable manner and at a reasonable time and place, the goods that are the subject of the consumer's action or claim may be presented to the consumer.

(b) If the giving of 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations or if the consumer's claim is asserted by way of counterclaim, the notice provided for in Subsection (a) of this section is not required, but the tender provided for by Subsection (d), Section 17.506 of this subchapter may be made within 60 days after service of the suit or counterclaim.

(c) A person against whom a suit is pending who does not receive written notice, as required by Subsection (a), may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the suit is pending. This subsection does not apply if Subsection (b) applies.

(d) The court shall abate the suit if the court, after a hearing, finds that the person is entitled to an abatement because notice was not provided as required by this section. A suit is automatically abated without the order of the court beginning on the 11th day after the date a plea in abatement is filed under Subsection (c) if the plea in abatement:

(1) is verified and alleges that the person against whom the suit is pending did not receive the written notice as required by Subsection (a); and

(2) is not controverted by an affidavit filed by the consumer before the 11th day after the date on which the plea in abatement is filed.

(e) An abatement under Subsection (d) continues until the 60th day after the date that written notice is served in compliance with Subsection (a).

**Credits**

Added by Acts 1977, 65th Leg., p. 604, ch. 216, § 6, eff. May 23, 1977. Amended by Acts 1979, 66th Leg., p. 1330, ch. 603, § 5, eff. Aug. 27, 1979. Redesignated from V.T.C.A., Bus. & C. Code § 17.50A and amended by Acts 1987, 70th Leg., ch. 167, § 5.02(4), (5), eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 380, § 3, eff. Sept. 1, 1989; Acts 1995, 74th Leg., ch. 414, § 6, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.505, TX BUS & COM § 17.505

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code (Refs & Annos)
     Title 2. Competition and Trade Practices
       Chapter 17. Deceptive Trade Practices (Refs & Annos)
         Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.5051

§ 17.5051. Mediation

Currentness

(a) A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b) The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c) If the parties do not agree on a mediator, the court shall appoint the mediator.

(d) Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e) Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f) A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g) Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, [1] apply to the appointment of a mediator and to the mediation process provided by this section.

(h) This section does not apply to an action brought by the attorney general under Section 17.47.

**Credits**
Added by Acts 1995, 74th Leg., ch. 414, § 7, eff. Sept. 1, 1995.

**Footnotes**

1     V.T.C.A., Civil Practice & Remedies Code §§ 154.051 and 154.071 et seq.

V. T. C. A., Bus. & C. § 17.5051, TX BUS & COM § 17.5051

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.5052

§ 17.5052. Offers of Settlement

Currentness

(a) A person who receives notice under Section 17.505 may tender an offer of settlement at any time during the period beginning on the date the notice is received and ending on the 60th day after that date.

(b) If a mediation under Section 17.5051 is not conducted, the person may tender an offer of settlement at any time during the period beginning on the date an original answer is filed and ending on the 90th day after that date.

(c) If a mediation under Section 17.5051 is conducted, a person against whom a claim under this subchapter is pending may tender an offer of settlement during the period beginning on the day after the date that the mediation ends and ending on the 20th day after that date.

(d) An offer of settlement tendered by a person against whom a claim under this subchapter is pending must include an offer to pay the following amounts of money, separately stated:

(1) an amount of money or other consideration, reduced to its cash value, as settlement of the consumer's claim for damages; and

(2) an amount of money to compensate the consumer for the consumer's reasonable and necessary attorneys' fees incurred as of the date of the offer.

(e) Unless both parts of an offer of settlement required under Subsection (d) are accepted by the consumer not later than the 30th day after the date the offer is made, the offer is rejected.

(f) A settlement offer tendered by a person against whom a claim under this subchapter is pending that complies with this section and that has been rejected by the consumer may be filed with the court with an affidavit certifying its rejection.

(g) If the court finds that the amount tendered in the settlement offer for damages under Subsection (d)(1) is the same as, substantially the same as, or more than the damages found by the trier of fact, the consumer may not recover as damages any amount in excess of the lesser of:

(1) the amount of damages tendered in the settlement offer; or

(2) the amount of damages found by the trier of fact.

(h) If the court makes the finding described by Subsection (g), the court shall determine reasonable and necessary attorneys' fees to compensate the consumer for attorneys' fees incurred before the date and time of the rejected settlement offer. If the court finds that the amount tendered in the settlement offer to compensate the consumer for attorneys' fees under Subsection (d)(2) is the same as, substantially the same as, or more than the amount of reasonable and necessary attorneys' fees incurred by the consumer as of the date of the offer, the consumer may not recover attorneys' fees greater than the amount of fees tendered in the settlement offer.

(i) If the court finds that the offering party could not perform the offer at the time the offer was made or that the offering party substantially misrepresented the cash value of the offer, Subsections (g) and (h) do not apply.

(j) If Subsection (g) does not apply, the court shall award as damages the amount of economic damages and damages for mental anguish found by the trier of fact, subject to Sections 17.50 and 17.501. [1] If Subsection (h) does not apply, the court shall award attorneys' fees as provided by Section 17.50(d).

(k) An offer of settlement is not an admission of engaging in an unlawful act or practice or liability under this subchapter. Except as otherwise provided by this section, an offer or a rejection of an offer may not be offered in evidence at trial for any purpose.

**Credits**
Added by Acts 1995, 74th Leg., ch. 414, § 7, eff. Sept. 1, 1995.

---

**Footnotes**

1        So in enrolled bill; there was no V.T.C.A., Bus. & C. Code § 17.501 in effect when this section was adopted.

V. T. C. A., Bus. & C. § 17.5052, TX BUS & COM § 17.5052
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.506

§ 17.506. Damages: Defenses

Currentness

(a) In an action brought under Section 17.50 of this subchapter, it is a defense to the award of any damages or attorneys' fees if the defendant proves that before consummation of the transaction he gave reasonable and timely written notice to the plaintiff of the defendant's reliance on:

(1) written information relating to the particular goods or service in question obtained from official government records if the written information was false or inaccurate and the defendant did not know and could not reasonably have known of the falsity or inaccuracy of the information;

(2) written information relating to the particular goods or service in question obtained from another source if the information was false or inaccurate and the defendant did not know and could not reasonably have known of the falsity or inaccuracy of the information; or

(3) written information concerning a test required or prescribed by a government agency if the information from the test was false or inaccurate and the defendant did not know and could not reasonably have known of the falsity or inaccuracy of the information.

(b) In asserting a defense under Subdivision (1), (2), or (3) of Subsection (a) of Section 17.506 above, the defendant shall prove the written information was a producing cause of the alleged damage. A finding of one producing cause does not bar recovery if other conduct of the defendant not the subject of a defensive finding under Subdivision (1), (2), or (3) of Subsection (a) of Section 17.506 above was a producing cause of damages of the plaintiff.

(c) In a suit where a defense is asserted under Subdivision (2) of Subsection (a) of Section 17.506 above, suit may be asserted against the third party supplying the written information without regard to privity where the third party knew or should have reasonably foreseen that the information would be provided to a consumer; provided no double recovery may result.

(d) In an action brought under Section 17.50 of this subchapter, it is a defense to a cause of action if the defendant proves that he received notice from the consumer advising the defendant of the nature of the consumer's specific complaint and of the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant, and that within 30 days after the day on which the defendant received the notice the defendant tendered to the consumer:

(1) the amount of economic damages and damages for mental anguish claimed; and

(2) the expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

**Credits**

Added by Acts 1979, 66th Leg., p. 1331, ch. 603, § 6, eff. Aug. 27, 1979. Redesignated from V.T.C.A., Bus. & C. Code § 17.50B and amended by Acts 1987, 70th Leg., ch. 167, § 5.02(5), eff. Sept. 1, 1987. Amended by Acts 1995, 74th Leg., ch. 414, § 8, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.506, TX BUS & COM § 17.506

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
     Chapter 17. Deceptive Trade Practices (Refs & Annos)
      Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.55

§ 17.55. Promotional Material

Currentness

If damages or civil penalties are assessed against the seller of goods or services for advertisements or promotional material in a suit filed under Section 17.47, 17.48, 17.50, or 17.51 [1] of this subchapter, the seller of the goods or services has a cause of action against a third party for the amount of damages or civil penalties assessed against the seller plus attorneys' fees on a showing that:

(1) the seller received the advertisements or promotional material from the third party;

(2) the seller's only action with regard to the advertisements or promotional material was to disseminate the material; and

(3) the seller has ceased disseminating the material.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

---

**Footnotes**

1     Repealed.

V. T. C. A., Bus. & C. § 17.55, TX BUS & COM § 17.55
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** <span style="float:right">© 2025 Thomson Reuters. No claim to original U.S. Government Works.</span>

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.55A

§ 17.55A. Redesignated as V.T.C.A., Bus. & C. Code § 17.555

by Acts 1987, 70th Leg., ch. 167, § 5.02(6), eff. Sept. 1, 1987

Currentness

V. T. C. A., Bus. & C. § 17.55A, TX BUS & COM § 17.55A
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** <span style="float:right">© 2025 Thomson Reuters. No claim to original U.S. Government Works.</span>

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.555

§ 17.555. Indemnity

[Currentness](#)

A person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. A person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity, and his costs.

**Credits**
Added by Acts 1977, 65th Leg., p. 604, ch. 216, § 7, eff. May 23, 1977. Redesignated from § 17.55A by Acts 1987, 70th Leg., ch. 167, § 5.02(6), eff. Sept. 1, 1987.

V. T. C. A., Bus. & C. § 17.555, TX BUS & COM § 17.555
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.56

§ 17.56. Venue

Currentness

<Text of § 17.56 as amended by Acts 1995, 74th Leg., ch. 138, § 7. See,
also, text of § 17.56 as amended by Acts 1995, 74th Leg., ch. 414, § 9.>

Except as provided by Article 5.06-1(8), Insurance Code, an action brought which alleges a claim to relief under Section 17.50 of this subchapter shall be brought as provided by Chapter 15, Civil Practice and Remedies Code.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1977, 65th Leg., p. 604, ch. 216, § 8, eff. May 23, 1977; Acts 1979, 66th Leg., p. 1332, ch. 603, § 7, eff. Aug. 27, 1979; Acts 1995, 74th Leg., ch. 138, § 7, eff. Aug. 28, 1995.

V. T. C. A., Bus. & C. § 17.56, TX BUS & COM § 17.56
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.56

§ 17.56. Venue

Currentness

<Text of § 17.56 as amended by Acts 1995, 74th Leg., ch. 414, § 9. See, also, text of § 17.56 as amended by Acts 1995, 74th Leg., ch. 138, § 7.>

An action brought under this subchapter may be brought:

(1) in any county in which venue is proper under Chapter 15, Civil Practice and Remedies Code; or

(2) in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1977, 65th Leg., p. 604, ch. 216, § 8, eff. May 23, 1977; Acts 1979, 66th Leg., p. 1332, ch. 603, § 7, eff. Aug. 27, 1979; Acts 1995, 74th Leg., ch. 414, § 9, eff. Sept. 1, 1995.

V. T. C. A., Bus. & C. § 17.56, TX BUS & COM § 17.56
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.56A

§ 17.56A. Redesignated as V.T.C.A., Bus. & C. Code § 17.565
by Acts 1987, 70th Leg., ch. 167, § 5.02(7), eff. Sept. 1, 1987

Currentness

V. T. C. A., Bus. & C. § 17.56A, TX BUS & COM § 17.56A
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.565

§ 17.565. Limitation

[Currentness](#)

All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

**Credits**
Added by Acts 1979, 66th Leg., p. 1332, ch. 603, § 8, eff. Aug. 27, 1979. Redesignated from V.T.C.A., Bus. & C. Code § 17.56A by Acts 1987, 70th Leg., ch. 167, § 5.02(7), eff. Sept. 1, 1987.

V. T. C. A., Bus. & C. § 17.565, TX BUS & COM § 17.565
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Business and Commerce Code (Refs & Annos)
        Title 2. Competition and Trade Practices
            Chapter 17. Deceptive Trade Practices (Refs & Annos)
                Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.57

§ 17.57. Subpoenas

[Currentness](#)

The clerk of a district court at the request of any party to a suit pending in his court which is brought under this subchapter shall issue a subpoena for any witness or witnesses who may be represented to reside within 100 miles of the courthouse of the county in which the suit is pending or who may be found within such distance at the time of trial. The clerk shall issue a separate subpoena and a copy thereof for each witness subpoenaed. When an action is pending in Travis County on the consent of the parties a subpoena may be issued for any witness or witnesses who may be represented to reside within 100 miles of the courthouse of a county in which the suit could otherwise have been brought or who may be found within such distance at the time of the trial.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

V. T. C. A., Bus. & C. § 17.57, TX BUS & COM § 17.57
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.58

§ 17.58. Voluntary Compliance

Currentness

(a) In the administration of this subchapter the consumer protection division may accept assurance of voluntary compliance with respect to any act or practice which violates this subchapter from any person who is engaging in, has engaged in, or is about to engage in the act or practice. The assurance shall be in writing and shall be filed with and subject to the approval of the district court in the county in which the alleged violator resides or does business or in the district court of Travis County.

(b) The acceptance of an assurance of voluntary compliance may be conditioned on the stipulation that the person in violation of this subchapter restore to any person in interest any money or property, real or personal, which may have been acquired by means of acts or practices which violate this subchapter.

(c) An assurance of voluntary compliance shall not be considered an admission of prior violation of this subchapter. However, unless an assurance has been rescinded by agreement of the parties or voided by a court for good cause, subsequent failure to comply with the terms of an assurance is prima facie evidence of a violation of this subchapter.

(d) Matters closed by the filing of an assurance of voluntary compliance may be reopened at any time. Assurances of voluntary compliance shall in no way affect individual rights of action under this subchapter, except that the rights of individuals with regard to money or property received pursuant to a stipulation in the voluntary compliance under Subsection (b) of this section are governed by the terms of the voluntary compliance.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

V. T. C. A., Bus. & C. § 17.58, TX BUS & COM § 17.58
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works. 1

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.59

§ 17.59. Post Judgment Relief

[Currentness](#)

(a) If a money judgment entered under this subchapter is unsatisfied 30 days after it becomes final and if the prevailing party has made a good faith attempt to obtain satisfaction of the judgment, the following presumptions exist with respect to the party against whom the judgment was entered:

(1) that the defendant is insolvent or in danger of becoming insolvent; and

(2) that the defendant's property is in danger of being lost, removed, or otherwise exempted from collection on the judgment; and

(3) that the prevailing party will be materially injured unless a receiver is appointed over the defendant's business; and

(4) that there is no adequate remedy other than receivership available to the prevailing party.

(b) Subject to the provisions of Subsection (a) of this section, a prevailing party may move that the defendant show cause why a receiver should not be appointed. Upon adequate notice and hearing, the court shall appoint a receiver over the defendant's business unless the defendant proves that all of the presumptions set forth in Subsection (a) of this section are not applicable.

(c) The order appointing a receiver must clearly state whether the receiver will have general power to manage and operate the defendant's business or have power to manage only a defendant's finances. The order shall limit the duration of the receivership to such time as the judgment or judgments awarded under this subchapter are paid in full. Where there are judgments against a defendant which have been awarded to more than one plaintiff, the court shall have discretion to take any action necessary to efficiently operate a receivership in order to accomplish the purpose of collecting the judgments.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1977, 65th Leg., p. 604, ch. 216, § 9, eff. May 23, 1977.

V. T. C. A., Bus. & C. § 17.59, TX BUS & COM § 17.59

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
     Chapter 17. Deceptive Trade Practices (Refs & Annos)
      Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.60

§ 17.60. Reports and Examinations

Currentness

Whenever the consumer protection division has reason to believe that a person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter, or when it reasonably believes it to be in the public interest to conduct an investigation to ascertain whether any person is engaging in, has engaged in, or is about to engage in any such act or practice, an authorized member of the division may:

(1) require the person to file on the prescribed forms a statement or report in writing, under oath or otherwise, as to all the facts and circumstances concerning the alleged violation and such other data and information as the consumer protection division deems necessary;

(2) examine under oath any person in connection with this alleged violation;

(3) examine any merchandise or sample of merchandise deemed necessary and proper; and

(4) pursuant to an order of the appropriate court, impound any sample of merchandise that is produced in accordance with this subchapter and retain it in the possession of the division until the completion of all proceedings in connection with which the merchandise is produced.

**Credits**

Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1989, 71st Leg., ch. 1082, § 8.02, eff. Jan. 1, 1991; Acts 1991, 72nd Leg., ch. 242, § 11.19, eff. Sept. 1, 1991.

V. T. C. A., Bus. & C. § 17.60, TX BUS & COM § 17.60
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

---

KeyCite Yellow Flag
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.61

§ 17.61. Civil Investigative Demand

Currentness

(a) Whenever the consumer protection division believes that any person may be in possession, custody, or control of the original copy of any documentary material relevant to the subject matter of an investigation of a possible violation of this subchapter, an authorized agent of the division may execute in writing and serve on the person a civil investigative demand requiring the person to produce the documentary material and permit inspection and copying.

(b) Each demand shall:

(1) state the statute and section under which the alleged violation is being investigated, and the general subject matter of the investigation;

(2) describe the class or classes of documentary material to be produced with reasonable specificity so as to fairly indicate the material demanded;

(3) prescribe a return date within which the documentary material is to be produced; and

(4) identify the persons authorized by the consumer protection division to whom the documentary material is to be made available for inspection and copying.

(c) A civil investigative demand may contain a requirement or disclosure of documentary material which would be discoverable under the Texas Rules of Civil Procedure.

(d) Service of any demand may be made by:

(1) delivering a duly executed copy of the demand to the person to be served or to a partner or to any officer or agent authorized by appointment or by law to receive service of process on behalf of that person;

(2) delivering a duly executed copy of the demand to the principal place of business in the state of the person to be served;

(3) mailing by registered mail or certified mail a duly executed copy of the demand addressed to the person to be served at the principal place of business in this state, or if the person has no place of business in this state, to his principal office or place of business.

(e) Documentary material demanded pursuant to this section shall be produced for inspection and copying during normal business hours at the principal office or place of business of the person served, or at other times and places as may be agreed on by the person served and the consumer protection division.

(f) No documentary material produced pursuant to a demand under this section, unless otherwise ordered by a court for good cause shown, shall be produced for inspection or copying by, nor shall its contents be disclosed to any person other than the authorized employee of the office of the attorney general without the consent of the person who produced the material. The office of the attorney general shall prescribe reasonable terms and conditions allowing the documentary material to be available for inspection and copying by the person who produced the material or any duly authorized representative of that person. The office of the attorney general may use the documentary material or copies of it as it determines necessary in the enforcement of this subchapter, including presentation before any court. Any material which contains trade secrets shall not be presented except with the approval of the court in which the action is pending after adequate notice to the person furnishing the material.

(g) At any time before the return date specified in the demand, or within 20 days after the demand has been served, whichever period is shorter, a petition to extend the return date for, or to modify or set aside the demand, stating good cause, may be filed in the district court in the county where the parties reside, or a district court of Travis County.

(h) A person on whom a demand is served under this section shall comply with the terms of the demand unless otherwise provided by a court order.

(i) Personal service of a similar investigative demand under this section may be made on any person outside of this state if the person has engaged in conduct in violation of this subchapter. Such persons shall be deemed to have submitted themselves to the jurisdiction of this state within the meaning of this section.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973. Amended by Acts 1989, 71st Leg., ch. 1082, § 8.03, eff. Jan. 1, 1991; Acts 1991, 72nd Leg., ch. 242, § 11.20, eff. Sept. 1, 1991; Acts 2007, 80th Leg., ch. 411, § 2, eff. Sept. 1, 2007.

V. T. C. A., Bus. & C. § 17.61, TX BUS & COM § 17.61
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Business and Commerce Code (Refs & Annos)
     Title 2. Competition and Trade Practices
       Chapter 17. Deceptive Trade Practices (Refs & Annos)
         Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.62

§ 17.62. Penalties

Currentness

(a) Any person who, with intent to avoid, evade, or prevent compliance, in whole or in part, with Section 17.60 or 17.61 of this subchapter, removes from any place, conceals, withholds, or destroys, mutilates, alters, or by any other means falsifies any documentary material or merchandise or sample of merchandise is guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000 or by confinement in the county jail for not more than one year, or both.

(b) If a person fails to comply with a directive of the consumer protection division under Section 17.60 of this subchapter or with a civil investigative demand for documentary material served on him under Section 17.61 of this subchapter, or if satisfactory copying or reproduction of the material cannot be done and the person refuses to surrender the material, the consumer protection division may file in the district court in the county in which the person resides, is found, or transacts business, and serve on the person, a petition for an order of the court for enforcement of Sections 17.60 and 17.61 of this subchapter. If the person transacts business in more than one county, the petition shall be filed in the county in which the person maintains his principal place of business, or in another county agreed on by the parties to the petition.

(c) When a petition is filed in the district court in any county under this section, the court shall have jurisdiction to hear and determine the matter presented and to enter any order required to carry into effect the provisions of Sections 17.60 and 17.61 of this subchapter. Any final order entered is subject to appeal to the Texas Supreme Court. Failure to comply with any final order entered under this section is punishable by contempt.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

V. T. C. A., Bus. & C. § 17.62, TX BUS & COM § 17.62
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 2. Competition and Trade Practices
      Chapter 17. Deceptive Trade Practices (Refs & Annos)
        Subchapter E. Deceptive Trade Practices and Consumer Protection (Refs & Annos)

V.T.C.A., Bus. & C. § 17.63

§ 17.63. Application

Currentness

The provisions of this subchapter apply only to acts or practices occurring after the effective date of this subchapter, except a right of action or power granted to the attorney general under Chapter 10, Title 79, Revised Civil Statutes of Texas, 1925, as amended,[1] prior to the effective date of this subchapter.

**Credits**
Added by Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

**Footnotes**

1    Vernon's Ann.Civ.St. art. 5069-10.01 et seq. (repealed).

V. T. C. A., Bus. & C. § 17.63, TX BUS & COM § 17.63
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX ATTACHMENT J



KeyCite Red Flag

Enacted Legislation  Amended by  2025 Tex. Sess. Law Serv. Ch. 912 (H.B. 40) (VERNON'S),

Vernon's **Texas** Statutes and **Codes** Annotated
  Civil **Practice** and **Remedies Code** (Refs & Annos)
    Title 3. Extraordinary **Remedies**
      Chapter 65. Injunction (Refs & Annos)
        Subchapter C. Jurisdiction of Proceedings; **Venue**

V.T.C.A., Civil **Practice** & **Remedies Code** § **65**.**023**

§ **65**.**023**. Place for Trial

Currentness

(a) Except as provided by Subsection (b), a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

(b) A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

V. T. C. A., Civil **Practice** & **Remedies Code** § **65**.**023**, TX **CIV** PRAC & REM § **65**.**023**

Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joaquin Gonzalez on behalf of Joaquin Gonzalez
Bar No. 24109935
jgonzalez@msgpllc.com
Envelope ID: 104830489
Filing Code Description: Appendix
Filing Description: Mandamus Appendix
Status as of 8/26/2025 7:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/25/2025 9:48:36 PM | SENT |
| Robert Farquharson | 24100550 | rob.farquharson@oag.texas.gov | 8/25/2025 9:48:36 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/25/2025 9:48:36 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/25/2025 9:48:36 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/25/2025 9:48:36 PM | SENT |
| Brian Falligant` | | bfalligant@inquestresources.com | 8/25/2025 9:48:36 PM | SENT |
| Rebecca Neumann | | rneumann@textrial.com | 8/25/2025 9:48:36 PM | SENT |